(88 App. Div. 542.)

KEANE et al. v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. December 11, 1903.)

1. MUNICIPAL CORPORATIONS—FIRE DEPARTMENT—PURCHASES BY AGENT.

New York Charter, § 419 (3 Laws 1897, p. 148, c. 378), provides that no expenditure for work or supplies involving an amount for which no contract is required shall be made except the necessity therefor be certified thereto by the head of the appropriate department. A purchasing agent for a fire department was authorized to prepare a requisition for the supplies required for the succeeding quarter, submitting the same to the commissioner for approval before purchasing, and under this authority a custom had grown up under which the purchasing agent purchased articles required by the various departments without consulting the fire commissioner or obtaining a certificate of necessity from him. *Held*, that the seller of supplies purchased by the purchasing agent without authority of the commissioner could not recover on the contract of sale.

2. SAME—IMPLIED CONTRACT.

Neither could the value of the articles furnished be recovered on the ground that though the contract was void there was an implied liability to pay for the goods.

Appeal from Trial Term, New York County.

Action by James R. Keane and another against the city of New York. From a judgment for plaintiffs, defendant appeals. Reversed.

The plaintiffs, doing business under the name of James R. Keane & Co., furnished and delivered to the fire department of New York City divers goods, wares, and merchandise, and made repairs for said department, between July 26, 1898, and August 29, 1901, and such goods and work were ordered at various times and accepted by officers of the fire department, no item being of the amount of $1,000 or over, but aggregating $5,307.76, of which only $360 has been paid, leaving unpaid the defendants the sum of $4,947.76. The amended complaint alleges that the goods were furnished upon an emergency and immediate necessity, and in pursuance of orders identical with those which the plaintiffs had filled in a long course of dealing

with the defendant, and for which the defendant had paid, as it had agreed to pay these orders. The defense, in brief, was that no contract founded on sealed bids was made, and that the necessity for the expenditure was never certified to by the head of the department, nor was such expenditure authorized or appropriated, and no order given for the goods and work as author ized by law. At the opening of the trial, after the jury was impaneled and sworn, it was admitted by the defendant that the goods were furnished by the plaintiff, and the value stated was reasonable, and the bill of particulars shows that there was not on any one day ordered or delivered goods of the value of $1,000 or upward. It was further conceded that the goods were ordered by an officer of the department known as the "Purchasing Agent." The defendant contended, however, that this officer acted without the necessary authorization, and, therefore, no valid contract existed, and the plaintiff could not recover. The plaintiff called the "Purchasing Agent," who testified that the orders given by him to the plaintiff for the goods in question were sometimes written and sometimes verbal, and he was at the head of the "Supply Bureau," and all orders were issued through himself on request of the different bureaus to him to purchase whatever was required; that if the foreman of a fire company wished supplies he issued a requisition, which would be countersigned by the chief of battalion of that company and forwarded to the fire department to the chief of the bureau, who would send the requisition to him; that each year a certain appropriation was made for supplies for each borough, and that all orders given by him to plaintiffs were through an order signed by himself as purchasing agent, or over the telephone, and the amount appropriated was not exceeded; that he would send for estimates and give the order to the lowest bidder; that he consulted with the department commissioner, but did not tell him of all the orders, as he was authorized to give them himself; that his duties were not in writing at first, but appear in a letter from the commissioner of the municipal civil service commission; that the fire commissioner had instructed him that all requisitions from the different bureaus were to come to him after being indorsed by the chief of battalion and forwarded to the chief of the department, and he was held strictly responsible for filling such orders properly from the lowest bidder; that he obtained quotations of prices before purchasing each article, and "submitted to the commissioner the requisition for the purchase of the articles specified, at the lowest price quoted, with the quotations attached in every instance"; that he did not in each individual purchase obtain his approval, but submitted quotations personally on each requisition. The defendant put in evidence a regular form requisition by the purchasing agent, duly certified by the commissioner, for November 29, 1898, and another dated November 29, 1898, and these, it was testified, included goods other than those furnished by the plaintiffs, and were the only certified requisitions relating to this claim which upon a search among the department records had been found. The defendant moved to dismiss the complaint on the ground that plaintiff had failed to show that the purchasing agent had authority to order the goods, or that the commissioner had ever issued a certificate of necessity as required by section 419 of the charter (3 Laws 1897, p. 148, c. 378), which motion was denied and exception taken. Motion for a verdict for plaintiff was then made and granted. From the judgment thus entered in plaintiff's favor the defendant appeals.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Chase Mellen, for appellant.
Thomas Gilleran, for respondents.

O'BRIEN, J.    There is no serious dispute as to the facts, and our conclusion must turn upon the determination of a clean-cut question of law. It appears that the purchases here, though exceeding in the aggregate $1,000, were made at different times, and at no time did any of the orders given for supplies reach that figure. The pur-

chases, therefore, in each instance being for less than $1,000, might be sustained if the provisions of the charter relating to the purchase of articles of supply for a less sum than $1,000 were complied with. The language of the charter is (section 419 [3 Laws 1897, p. 148, c. 378]) that "no expenditure for work or supplies involving an amount for which no contract is required (less than $1,000) shall be made, except the necessity therefor be certified thereto by the head of the appropriate department." This requirement, the defendant claims, was not met, in that there was a failure here to procure the certificate of the fire commissioner showing the necessity for the many orders given to the plaintiffs by the purchasing agent of the department for the work and materials furnished, and for the value of which the plaintiffs seek to recover. There is no question as to the honesty and good faith of the plaintiffs in furnishing the supplies, nor of the purchasing agent in selecting these plaintiffs to fill the orders. They were given, it would seem, in pursuance of a course of dealing which had grown up in the department under which the purchasing agent, upon receiving requisitions from the different engine houses, undertook, after he had concluded that the articles requested were necessary, to himself procure them. Upon similar facts it has frequently been urged, as it is in this case, that the city, having had the supplies, should be required in all honesty to pay for them, and that, although no recovery could be had upon the theory of an express contract, the claim should be supported on the ground of an implied liability on the part of the city. This contention, however, as we shall show from the cases, cannot be sustained either in principle or upon authority.

The principal legal question presented, therefore, is whether the failure to prove that the fire commissioner certified to the necessity for the purchases is a bar to the plaintiffs' right to recover. This question we do not regard as a new one, and, without an extended discussion, think that a reference to what has been decided where cognate questions have been presented is controlling as against the plaintiffs' right to recover. We do not by this intend to state that the precise question here involved has been passed upon, but that a review of the authorities shows that in every case there must be a full compliance with the charter provisions in order to charge the city with liability. It has been repeatedly held that municipal and other public bodies can act only in the way prescribed in their charters or acts of incorporation. Parr v. Village of Greenbush, 72 N. Y. 463; Francis v. City of Troy, 74 N. Y. 338; Matter of Emigrant Bank, 75 N. Y. 388; Smith v. City of Newburgh, 77 N. Y. 130; People ex rel. Lyon v. McDonough, 173 N. Y. 181, 65 N. E. 963.

Among the earlier cases involving the liability of the city of New York is that of Donovan v. Mayor, 33 N. Y. 291, wherein there was a similar failure on the part of the plaintiff to prove that a necessity for the work had been certified to by the head of the appropriate department, and it was said:

"As there was neither an appropriation for the work nor a certificate of its necessity by the head of the department, and as it was unauthorized by the

common council, the contract was made by the municipal authorities in direct violation of law. A contract thus made by public officers, acting in a purely fiduciary capacity, is a simple and absolute nullity."

In the case at bar the sum needed was in fact appropriated; but the same principle is involved, the evidence showing that there was not, with respect to each purchase made, a certificate of necessity, as required by the charter, given by the head of the department.

In the case also of McDonald v. Mayor, 68 N. Y. 23, 23 Am. Rep. 144, it was said:

"It is fundamental that those seeking to deal with a municipal corporation through its officials must take great care to learn the nature and extent of their power and authority."

And therein it was held (headnote):

"Where the municipal charter prohibits its officers from contracting on its behalf for the purchase of materials, save in cases and in a manner specified, the municipality is neither liable upon a contract made by an official in violation of, or without a compliance with, the requirements of the charter, nor can the value of materials furnished under the contract be recovered upon any implied liability."

This latter holding disposes of the contention made that the city, having used the articles, though not furnished in compliance with the law, can be compelled to pay for them, not upon the theory of an express, but upon the ground of an implied, liability.

The principles enunciated in the McDonald Case, supra, were fully stated and adopted by this court in Walton v. Mayor, 26 App. Div. 76, 49 N. Y. Supp. 615. Although in the latter case the question was whether the charter provisions in reference to contracts involving the expenditure of more than $1,000 was complied with, the discussion therein proceeds upon the same lines, and, in principle, that case is controlling upon the legal question which is now presented for our determination.

The plaintiffs here failed to show that the head of the department had certified to the necessity for the purchases made; and the purchasing agent, although he says he consulted with the commissioner, concedes that he ordered the goods in many instances personally by written order or verbally over the telephone. This was not a compliance with the charter requirements; and, furthermore, it appears that the paper mentioned by the purchasing agent as prescribing his powers says, with respect to purchasing supplies: "He shall thereupon prepare a requisition for the supplies required for the succeeding quarter year, submitting. the same to the commissioner for approval before purchasing." It was incumbent upon the plaintiffs to furnish goods only upon an actual compliance with the charter provisions in order to fasten liability upon the city. The evidence failing to show that there was such a compliance, it follows that the judgment directed in plaintiffs' favor must be reversed and a new trial ordered, with costs to the appellant to abide the event. All concur.