### FRANCES C. LANNING ET UX. v. TRENTON AND MERCER COUNTY TRACTION CORPORATION.

Decided October 7, 1925.

**Negligence—Injury to Passenger of Street Railroad Company— Jury Found For Passenger But Against Husband's Claims For Medical Services—Held, That, if One Was Entitled to Recover the Other Was.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the rule, *Katzenbach & Hunt.*

Contra, *Wilbur A. Heisley.*

PER CURIAM.

This suit was brought by the plaintiff to recover compensation for injuries received by Mrs. Lanning while a passenger in a car of the defendant company, for the expenses incurred by her husband in the treatment of her injuries, and also compensation for the loss of her services and society as a wife. The jury found that the injuries which Mrs. Lanning has sustained· were the direct result of the negligence of the defendant's motorman in the operation of the car, and awarded her $2,500 as compensation. At the same time they returned a verdict of no cause of action as to the claim of the husband, although the rendition of the medical services

was not disputed, nor was the propriety of the charges made for such services challenged. These two verdicts are absolutely irreconcilable and demonstrate the unfitness of the jury to determine the respective rights and obligations of the parties to this litigation; for, if the traction company was responsible for the injuries received by the wife, it follows as matter of course that the husband was entitled to recover from the company such moneys as he had expended in the treatment of the injuries received by his wife, and also a reasonable compensation for the loss of her services and society.

For this reason the rule to show cause will be made absolute.