LENA F. ROBINOWITZ, Respondent, v. THE CITY OF WHITE PLAINS, Appellant. — Action for fraud, based on the execution of a release by the plaintiff upon the payment of a sum of money to her by the defendant.  Order denying defendant's motion to dismiss the amended complaint reversed on the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.  The alleged misrepresentations upon which the plaintiff says she relied are predicated upon the doing of acts beyond the scope of the authority of the officials who, plaintiff claims, made them.  (*McDonald* v. *Mayor*, 68 N. Y. 23, 27; *Village of Fort Edward* v. *Fish*, 156 id. 363, 371.)  The acts contemplated to be performed as part of the alleged arrangement which, it is claimed, fraudulently induced the plaintiff to act were illegal, especially so much thereof as concerned the fixing of future assessments or taxes on a basis that would absorb the difference between plaintiff's alleged claim and the cash settlement therefor, which illegality could not be cured by any claim of subsequent ratification.  (*Smith* v. *City of Newburgh*, 77 N. Y. 130, 136; *Keane* v. *City of New York*, 88 App. Div. 542.)  Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ., concur.

SAMUEL A. ROSEN, Respondent, and SADYE ROSEN and Another, Plaintiffs, v. RUTH CATHCART, Administratrix, etc., of A. W. CATHCART, Deceased, and Another, Appellants, and WILBUR EDWARDS, Defendant.— The respondent, Samuel A. Rosen, was driving north on the east side of a highway known as route 9-W.  In the car with him were his wife, Sadye, and his daughter, Rhoda.  Proceeding south on the same highway was the car of defendant Edwards, and behind him was the car owned by appellant Cathcart and operated by appellant Paden.  Defendant Edwards stopped near the center of the highway, facing southeast, intending, apparently, to turn into a road that intersected the highway at that point.  Appellants' car, instead of turning to the right or west side of the road, where there was a clearance of from twelve to fourteen feet, veered to the left of the standing car and into the east strip or driveway, where it collided head-on with the car operated by the respondent.  The three Rosens sued the three defendants to recover damages for personal injuries.  The respondent, Samuel A. Rosen, sued also to recover for loss of consortium and of his wife's services, for loss of his daughter's services, for medical expenses, and for property damage.  Defendant Edwards died before the trial and as to him the action abated.  Respondent's wife and daughter received verdicts in the sum of $200 and $800 respectively and the appellants were given a verdict in their favor and against respondent Rosen.  The wife and daughter moved to set aside as inadequate the verdicts in their favor.  The motions were denied, but they did not appeal.  Respondent Rosen moved to set aside the verdict of no cause of action as against him, and the motion was granted.  Defendants Cathcart and Paden appeal from so much of the order as sets aside the verdict against Rosen and grants a new trial, as severs his cause of action and restores it to the day calendar.  Order, in so far as appealed from, unanimously affirmed, with costs.  No opinion.  Present — Lazansky, P. J., Hagarty, Scudder, Tompkins and Johnston, JJ.

CHARLES R. SHANNON, Respondent, v. SEABOARD SHIPPING CORPORATION, Appellant.— Action for brokerage commission in the sale of a barge.  Judgment unanimously affirmed, with costs.  No opinion.  Present — Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ.