HARRY PETRY, an Infant, by CLARA TEN EYCK, His Guardian ad Litem, Respondent, v. NATURAL HEALTH INSTITUTE OF SPRING VALLEY, INC., a New York Corporation, Appellant. ALEXANDER TEN EYCK, Respondent, v. NATURAL HEALTH INSTITUTE OF SPRING VALLEY, INC., a New York Corporation, Appellant.— Actions to recover damages for negligence — one brought by a young boy, the person injured, and the other by his stepfather to recover for medical expenses and hospital bills; the actions were tried together. The infant recovered damages of $700, and the other plaintiff a verdict for $2,040.05. These verdicts conclusively indicated that the defendant was negligent and the infant plaintiff free from contributory negligence. The injuries that the boy received were very serious, and the trial justice set the verdict aside and ordered a new trial in his case, but denied the motion to set aside the verdict for the stepfather. There is nothing inconsistent in these verdicts except in the amount of damages awarded plaintiff Petry. (*Rosen* v. *Cathcart*, 245 App. Div. 736.) On appeal in the Petry case, order unanimously affirmed, with costs. On appeal in the Ten Eyck case, judgment and order unanimously affirmed, with costs. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Taylor, JJ.

PREMIUM BOND CORPORATION, Respondent, v. THE CITY OF LONG BEACH and Others, Appellants.— Order granting the respondent's motion for a temporary injunction restraining the city of Long Beach and its officers from interfering with the plaintiff in its use of premises situated in the city of Long Beach as a building for five apartments for use of five families, and from prosecuting any claim of violation of the zoning law with regard thereto, reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. In our opinion, the city of Long Beach is not estopped from enforcing the provisions of the zoning ordinance because of any acts or conduct on the part of any of its administrative officers. The adoption of a zoning ordinance is a governmental function. Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM HAGUE, Appellant.— Judgment of the County Court of Kings county convicting the defendant of the crime of robbery in the first degree unanimously affirmed. There can be no doubt of the guilt of this defendant and the judgment of conviction is affirmed under section 542 of the Code of Criminal Procedure. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ.