MRS. ELLA BERRY *et al*. v. R. Y. FOSTER *et al*. (five cases).

(*Knoxville,* September Term, 1955.)

Opinion filed December 9, 1955.

Rehearing denied February 3, 1956.

Cox, EPPS, POWELL & WELLER and ALFRED W. TAYLOR, all of Johnson City, for Mrs. Ella (J. L.) Berry and J. L. Berry.

THOMAS E. MITCHELL, of Johnson City, and H. DENNIS ERWIN, of Erwin, for Mr. and Mrs. B. Chase.

SIMMONDS, BOWMAN & HERNDON, of Johnson City, for R. Y. Foster et al.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

These suits arise out of a collision between two trucks, one a pick-up truck belonging to B. Chase and the larger truck belonging to R. Y. Foster. It occurred on January 8, 1953, at the intersection of Bacon Branch Road and New Victory Road, the latter coming into the former to make a "T" intersection. That is—Victory Road intersects from the west but does not cross the other road. These roads are paved to a width of about 15 feet.

Mrs. Chase was driving the pick-up truck which belonged to her husband and was accompanied by Mrs.

Berry as a guest in the truck. Mrs. Chase came along Victory Road and then made a left turn into Bacon Branch Road. The Foster truck was coming from the left of the Chase truck along Bacon Branch Road and the collision occurred either within the intersection, as Foster contended, or on Bacon Road after the Chase truck had completed the turn to the left and traveled as much as 30 feet on Bacon Road. As a result of the collision Mrs. Berry and Mrs. Chase were injured and Mr. Chase's truck was damaged.

Mrs. Berry sued both Mrs. Chase and Mr. Foster and recovered a judgment against Mr. Foster only in the sum of $10,000.

Mr. Berry filed a suit for loss of services, etc., against Mrs. Chase and Mr. Foster but was cast in his suit.

Mr. and Mrs. Chase likewise filed suits against Foster and Mrs. Chase recovered a judgment in the sum of $1,000, but Mr. Chase was cast in his suit.

Mr. Foster sued Mr. and Mrs. Chase in a counteraction but he was cast in his suit.

Mr. Berry appealed conditionally that in the event the Court of Appeals affirmed the judgment in favor of his wife he would not seek a new trial in his suit for loss of consortium and medical expenses, Mr. Chase appealed unconditionally. Mr. Foster appealed as to all of the judgments against him. In an opinion by Judge McAmis, the Court of Appeals affirmed the action of the Court and jury below except in the case of B. Chase, in which there was a reversal and remand for a new trial on the ground of an inconsistency in the verdict in the respective cases of Mr. and Mrs. Chase.

There is no reversible error in the action of the Court of Appeals unless it be with reference to the fact that it

reversed and remanded the case of Mr. Chase without at the same time remanding the case of Mrs. Chase.

We granted the writ only for the purpose of considering this question.

The Court of Appeals cites 36 A. L. R. (2d) 1334, and several of the cases cited therein for its authority in remanding the case of Mr. Chase without remanding the case of Mrs. Chase for a new trial.

Close examination of those cases does not sustain such a view. The first case referred to is *Elser* v. *Union Paving Co.,* 1950, 167 Pa. Super. 62, 74 A. (2d) 529. Here both the husband and wife moved for a new trial, the same was granted, and such action was upheld on appeal. That is, both verdicts were set aside and a new trial granted.

*Swencicki* v. *Wieczerzak,* 1928, 140 A. 248, 6 N. J. Misc. 145. The opinion in this case cites *Lanning* v. *Trenton & Mercer County Traction Corp.,* 130 A. 444, 3 N. J. Misc. 1006. In both of these cases the defendant made the motion for a new trial which was granted as to all parties plaintiff, and in the Lanning case the Court said:

"These two verdicts are absolutely irreconcilable and demonstrate the unfitness of the jury to determine the respective rights and obligations of the parties to this litigation."

The next case cited is *Rosen* v. *Cathcart,* 1935, 245 App. Div. 736, 280 N. Y. S. 57, wherein there was a verdict in favor of a wife and her daughter but in favor of the defendant in the case of the husband and father. The wife and daughter moved for a new trial for inadequacy of the verdict but the same was overruled and neither of them appealed, nor did the defendant appeal, so that these two judgments became final. In the case of the father and husband, the Trial Court granted him a new trial and a

severance, and this action was upheld on appeal. That, of course, was the only thing the Appellate Court could do under those circumstances.

Passing for the moment the next case of *Loftin* v. *Anderson*, Fla. 1953, 66 So. (2d) 470, and taking up *Keith* v. *Appelberg*, City Ct. 1948, 77 N. Y. S. (2d) 349, in that case the verdicts in favor of both husband and wife were set aside and the case remanded, and the Court quoted from *Gray* v. *Brooklyn Heights R. Co.*, 175 N. Y. 448, at page 450, 67 N. E. 899, at page 900, as follows:

"When, however, the two actions are thus tried together and inconsistent verdicts are rendered, we inclined to the view that sound practice requires both verdicts be set aside at once, without attempting, by analysis of the evidence or otherwise, to discover whether either should be allowed to stand. No other course is safe, for it cannot be told with reasonable certainty what facts the jury found."

In the next case of *Watkins* v. *Myers*, 1953, 12 N. J. 71, 95 A. (2d) 705, 36 A. L. R. (2d) 1330, both verdicts were reversed and the case remanded for a new trial.

The only one of the cases cited that tends to support the action of the Court of Appeals is *Loftin* v. *Anderson*, supra. There was a verdict in favor of the wife and against the husband in his case. The defendant appealed from the wife's judgment and the husband appealed from the judgment unfavorable to him. By a divided Court the judgment for the wife was affirmed but the judgment in favor of the defendant in the husband's case was reversed and remanded for a new trial only as to damages.

Another case cited in the A. L. R. note, supra, was *Henderson* v. *Abbotts Alderney Dairies, Inc.*, 146 A. 47, 7 N. J. Misc. 454. There the suits were by the two husbands

and wives; there was a judgment in favor of the two wives and for the one husband who was the owner of the car, but against the other husband in his suit for loss of services, etc. On appeal all verdicts were set aside and a statement made as in the case of *Lanning* v. *Trenton & Mercer County Traction Corp.*, supra, to the effect that the jury was unfit to try the entire matter.

The factual situation in this last cited case is quite similar to the one in the instant case, but we think that the ends of justice do not require that any verdicts be set aside in this case except that of Mr. and Mrs. Chase. We think that should be done, however, because these cases, although separate suits, were tried together on the identical evidence. There is no reason to approve the verdict in the one and reject it in the other. Reverse both and remand for a new trial.

### On Petition to Rehear.

Counsel for R. Y. Foster have filed a very arresting petition to rehear in which counsel, with due deference to the opinion of this Court, filed on December 9, 1955, suggests that we have filed an opinion which itself is inconsistent. It is urged quite forcibly, that since we have held there was an inconsistency between the verdicts as to Mr. and Mrs. Chase against Mr. Foster, the same rule would necessarily apply to the verdicts in the cases of Mr. and Mrs. Berry.

We have given this petition due consideration but on examination of the assignments of error which accompany the petition for certiorari we find that there is no assignment of error directed to the action of the Court of Appeals in regard to the verdicts with reference to Mr. and Mrs. Berry. The only assignment embodying the

358

question of inconsistency is No. 5, which related solely to the verdicts with reference to Mr. and Mrs. Chase.

Obviously, we cannot consider this question now because the Supreme Court does not review a case on writ of certiorari as if on a broad appeal. *Brenizer* v. *Nashville C. & St. L. Ry.*, 156 Tenn. 479, 3 S. W. (2d) 1053, 8 S. W. (2d) 1099. This Court reviews the action of the Court of Appeals for its alleged erroneous action stated in the assignments of error.

Accordingly, the petition to rehear must be overruled.