ALVIN J. SMITH

*v.*

WALTER PARKER.

HARRISON TURPIN, Adm'r

*v.*

ALVIN J. SMITH and H. O. KINDRICK.

H. O. KINDRICK

*v.*

WALTER PARKER.

373 S.W.2d 205

(*Knoxville,* September Term, 1963.)

Opion filed September 11, 1963.

Petition for Rehearing Denied December 5, 1963.

148

W. E. MICHAEL, MICHAEL & MICHAEL, Sweetwater, HODGES, DOUGHTY & CARSON, Knoxville, for Smith & Kindrick.

J. D. LEE, Madisonville, DUNCAN & FORD, Knoxville, for Harrison Turpin, Admr.

LOUIS W. HOFFERBERT of POORE, COX, BAKER & MC-AULEY, Knoxville for Walter Parker.

Mr. Chief Justice Burnett delivered the opinion of the Court.

Petitions for certiorari have been filed herein by Walter Parker, Alvin J. Smith and H. O. Kindrick, which have heretofore been granted and arguments heard. After a thorough study of the record, authorities, and respective briefs, we are now in a position to determine the questions presented.

There are five suits which were consolidated for trial, and which arose out of a collision between two gravel trucks on the morning of August 5, 1960, in Monroe County on State Highway 68 about four miles northwest of Tellico Plains, Tennessee.

One dump truck, empty, was owned by H. O. Kindrick and driven by his employee, Alvin J. Smith; it was proceeding from Tellico Plains toward Madisonville. The other dump truck, loaded with gravel, was owned by Walter Parker, and was being driven by his employee, Eugene Turpin; it was proceeding from Madisonville toward Tellico Plains. As these two trucks were in a meeting situation on a sharp curve a violent collision took place between them, causing both drivers to be thrown from their trucks. Engene Turpin was killed almost instantaneously. Alvin J. Smith received a back injury.

As a result of this collision, Alvin J. Smith filed the first suit against Walter Parker seeking to recover dam-

ages for his injuries. Parker pled to this action and filed a cross suit for his property damage.

Following the filing of this suit Harrison Turpin, father and administrator of Engene Turpin, deceased, filed a suit against Alvin J. Smith and H. O. Kindrick for the wrongful death of Eugene Turpin. Then following this action H. O. Kindrick filed suit for property damages to his truck against Walter Parker. Parker filed a cross action in this suit for his property damages.

As said in the outset these cases were consolidated for trial. At the time of the trial the court indicated to counsel that since the suit of Turpin against Smith and Kindrick involved the drivers of the two trucks that it was the pivotal suit among the group of cases. Counsel objected and insisted that since Smith had filed the first action he should have the right to proceed and open and close the arguments. This objection was sustained and the trial thus proceeded.

All proof of those proceeding as plaintiffs, defendants, cross-plaintiffs and cross-defendants was heard by the jury, and after this was done the trial judge in beginning his charge to the jury stated to them that they were trying these five lawsuits together. He then went into what was involved in each lawsuit, and, after doing so, he said:

"Now gentlemen of the jury, it may seem very confusing to you, all these lawsuits all mixed up together. The Court is going to try to simplify it for you, and I think that by doing so you will be better able to understand the different cases and better able to deal with them.

"When you go to the jury room, you will first take up and consider and decide the case brought by Harrison Turpin, Administrator of the Estate of Eugene Turpin, against Alvin J. Smith and H. O. Kindrick. And, when you have decided that case, then the Court will instruct you about the other cases. The reason the Court tells you and instructs you to decide this case first is that this is the case that directly involves the 2 drivers of the vehicles that were in this accident."

Then follows a number of pages of correct instructions by the court as to the law of negligence, contributory negligence, statutory charges of negligence, etc. The court properly charged on the preponderance of the evidence, proximate cause and things of that kind which are in a stock charge in negligence cases, and said to the jury that he did not intimate one way or the other which of these theories, or which of these insistences, is correct, or whether either of them is correct. He told the jury that it was for them to decide from all the proof and from the law as given to them by the court. He then charged the doctrine of sudden emergency which was part of the case. He then charged that if they found for the plaintiff, Harrison Turpin, against these defendants what the proper element of damage to be considered by them in fixing the amount of damages was which they would fix if they found for Harrison Turpin, Administrator. There was no instruction as to what the jury should do if they found for the defendants. He concluded his charge, as follows:

"And then after you have done that the Court will discuss the other cases with you, and will instruct you about them.

"Any request, Mr. Lee, in this case?

"MR. LEE: Yes Your Honor.

"THE COURT: Now, gentlemen, you retire to the jury room and report back as soon as you reach a unanimous agreement on your verdict in this case that we have been talking about, and the Court will wait for you until you have reached your verdict.

"I overlooked something.

"Gentlemen, I overlooked and failed instructing about your verdict in case you find in favor of the Defendants. In case you find in favor of the Defendants, Alvin J. Smith and H. O. Kindrick, in this suit brought against them by Harrison Turpin. If in this case you find in favor of the Defendants you will indicate by your verdict the ground upon which you find in favor of the Defendants, and the Court will hand to you for your use in case you need it, two separate findings in favor of the Defendant.

"Finding number one for the Defendants, in cause number 806, that is this case, reads as follows:

" 'We find in favor of the Defendants upon the ground that the Defendant, Alvin J. Smith, was not guilty of any negligence which directly and proximately caused or contributed to the cause of the accident and death of Eugene Turpin.' If that is the basis of your verdict in favor of the Defendants you will mark an 'X' to left of that finding on the line provided for that purpose.

"Finding number two for the Defendants in this cause number 806:

" 'We find for the Defendants upon the ground that the deceased, Eugene Turpin, was guilty of contributory negligence. That is that both Eugene Turpin and Alvin J. Smith were guilty of negligence which directly and proximately caused or contributed to the causation of the accident and the death of Eugene Turpin.' If you find in favor of the Defendants upon that ground you will mark an 'X' to the left of that finding in the space provided.

"You will go to your room now and take this finding with you and bring it back whether you use it or not."

The record then shows that certain special requests were made by the various parties, which were refused by the court. Then after these special requests were copied in the record the following appears:

"THE COURT: Now, gentlemen of the jury, you handed back to the Court the written findings which the Court submitted to you, and you marked an 'X' opposite Finding number two for the Defendants, which reads as follows: * * *"

Then follows the reading of Finding number two, above copied. The court then says:

"Is that your unanimous verdict, gentlemen?

"THE JURY: Yes, sir.

"THE COURT: All right. Now, gentlemen of the jury, by your verdict, you have found that both Eugene Turpin as the driver of one truck, and Alvin J. Smith as the driver of the other truck, were guilty of negligence which directly and proximately contributed to

154

the causation of the accident. The result of that finding, gentlemen, means that Alvin J. Smith cannot recover in his case against Walter Parker, because he cannot recover if he was guilty of negligence which directly and proximately contributed to the causation of the accident, as you have found. Such finding also means in Walter Parker's cross-action against Alvin J. Smith, Walter Parker cannot recover, because he is responsible for the conduct and the actions and the negligence which you have found his driver, Eugene Turpin, was guilty of. Also, your finding means that in the case of *H. O. Kindrick vs. Walter Parker,* Mr. Kindrick cannot recover, because he was answerable and is answerable for the negligence which you found his driver, Alvin J. Smith, guilty of. Your finding also means that in Walter Parker's case against H. O. Kindrick, Mr. Walter Parker cannot recover from him for those reasons, that is, because both drivers were guilty of negligence which contributed to the causation of this accident directly and proximately, and the truck owners are answerable for the negligence of their respective drivers. That means, gentlemen of the jury, that the Court directs a verdict in Alvin Smith's case for the Defendant, Parker; and in Walter Parker's case against Alvin J. Smith, the Court directs a verdict in favor of Alvin J. Smith; and in H. O. Kindrick's case against Walter Parker, the Court directs a verdict, on the basis of your finding, in favor of the Defendant, Walter Parker. And, the case of Walter Parker against H. O. Kindrick, on the basis of your finding, the Court directs a verdict in favor of the Defendant, H. O. Kindrick. And that ends all of the lawsuits, gentlemen, and you are released until tomor-

row morning at nine o'clock. Thank you very much. You may go.''

The reason for quoting all the above from the record will appear from what hereinafter will be said.

The Court of Appeals reversed and remanded all the cases for a new trial for the reason that the jury could logically take these special instructions as a suggestion that the trial judge was of the opinion that the jury would or should find for the defendants; that by reason of the way this was done this ''would affect the free choice of jury.'' In other words in a paragraph towards the latter part of their opinion expressing the reason for this reversal the Court of Appeals reviewed the fact that this one case was submitted to the jury while another case had been filed first and that he did this without notice to the counsel of parties that he was going to submit this one case and that, ''After completing the charge in the Turpin case and letting the jury retire for deliberation, the trial judge recalled the jury and submitted to them pre-typed findings labeled 'findings for the defendant'.''

■ What we have copied above is a verbatim copy from the record. This certainly does not show that the jury had retired for deliberation, but shows that these special charges came just as shown by this copy as a natural consequence of the trial judge having overlooked certain questions or certain propositions which he was entitled to submit to the jury and obligated to do so if he felt in his discretion that this was the easiest way for them to determine the complicated lawsuit. This record is entitled to verity. We must follow the record. Even though there is a lot of argument pro and con by counsel

afterwards that such and such happened it is what the record shows that we must follow. This record shows that the requests submitted followed naturally and before the jury went out and before other special requests were given. Of course, anyone who ever tried a lawsuit of the kind knows that after the general charge is submitted special requests are called for, which are considered by the court and either given or refused and all of this is done before the jury retires. Thus it is that this record clearly shows that the jury had not retired for its deliberations. If the reasons assigned by the Court of Appeals for reversing this action were logical, valid reasons then no special request could ever be given by a trial judge which is submitted by one side or the other without it being said that this prejudiced the jury one way or the other. We cannot subscribe to this kind of reasoning unless it plainly appeared that the jury were misled. Even if a portion of the judge's charge might be objectionable, if it is explained and corrected in other parts of the charge so that the jury would not be misled, this will not be reversible error. *Clark, Admr. v. Thomas, Admr.*, 51 Tenn. 419. This practice has been followed by this Court for more than a hundred years.

In the arguments on motions for a new trial and on certain special requests offered, counsel requested that similar interrogatories or questions be submitted in writing on behalf of the plaintiffs to the jury. Then on the motions for a new trial the giving of these special requests was assigned as error. In the arguments of these motions for a new trial the trial judge clearly stated what his reasons were for doing so in this language:

"* * * Gentlemen, to begin with, I have wrestled for a long time now with this matter of these multiple

suits, growing out of a single accident, and I have always felt that to just dump all the cases in the jury's lap is almost hopelessly confusing to them, and it is because I have thought about it a lot and given a lot of study to simplifying the crucial issues for the jury that this procedure has been adopted in a few cases.

\* \* \* \* \* \*

"And, gentlemen, instead of the jury being confused, they were given the simple issues of measuring the conduct of these two drivers and determining from that, as disclosed by the evidence, and the law of negligence and proximate cause, and all those things as given to them by the Court, who was responsible as between these two drivers for this accident, who caused it proximately. That is all they had to decide."

Thus it is that the trial judge expresses an excellent reason of why he acted as he did herein and it seems to us that by doing so he clearly was doing his duty in simplifying the questions involved for the jury. In submitting these findings, or written statements that he submitted to them, he in no wise commented or expressed to the jury any idea how he thought the case should be decided, because in his charge all the way through he expressly many times told the jury that he was not so doing. We must give verity to these statements and cannot conclude that they are false when there is nothing whatsoever in this record to show that they are. In submitting these statements to the jury, or in refusing to submit statements submitted by counsel, the trial judge has great discretion as said by Judge Cooper in *Louisville, N. & G. S. Railroad Co., v. Fleming*, 82 Tenn. 128,

at page 156: ''These are matters entrusted to the discretion of the trial court.''

■ Much is said in the argument and briefs to the effect that since these cases had all been consolidated together it was the duty of the trial judge to thus submit them to the jury. This Court a long time ago in *Anderson v. Masson,* 62 Tenn. 290, 298, 299, said: ''We have held that an order of consolidation simply has no other effect than to hear the cases thus consolidated at the same time, but that the issues remain precisely on the pleadings as they were before, and between the same parties, and are to be determined exactly as if the cases had been heard separately.'' Thus it is that there is no error in the trial court singling out one particular case to be determined before the others, if in his judgment after hearing all the proof this is the pivotal case. As here of course when these cases were first consolidated the trial judge didn't know what was going to develop in the proof afterwards. The jury in this particular case was given a correct general charge and returned a general verdict in the form of this special verdict for the aid of the court in these other cases. This verdict on its face embraced a finding of all facts which were required to render a judgment in behalf of the defendants. The Court of Appeals agrees on this feature of the case.

This verdict complies with the rule as laid down in *Harbison v. Briggs Bros. Paint Mfg. Co.,* 209 Tenn. 534, 354 S.W.2d 464, wherein this Court held that a special verdict in lieu of a general verdict must find all the ultimate facts in issue in order to form a basis of a judgment to be rendered. This was done herein.

A well documented article on "Special Issues of Fact In Tennessee; A Look Behind the General Verdict" will be found in 22 Tennessee Law Review, beginning at page 1039. The question involved in the present case of these special issues will be found on page 1042 of the Tennessee Law Review. On this page the writer of this article quotes from Higgins & Crownover, Tennessee Procedure, sec. 1515(d), and likewise quotes Code Section 20-1316, T.C.A. This Code Section provides:

"The trial judge, in his discretion, especially where the questions for solution are several or involved, may direct and supervise the formulation of special issue or issues of fact for submission to and answer by the jury. The response or responses of the jury shall have the force of other verdicts at law."

The writer of this article correctly says that: "All doubt of the validity of special findings was removed in Tennessee by the enactment of Code Section 10346", which is a reference to the Williams' Code, being the section just above quoted. This article likewise says that some thirty-one states have authorized such procedure. He further in this article correctly says, "the statutory mandate that special findings shall have the force of verdicts limits this discretion in that it does not permit the judge to ignore these special findings and act upon the general verdict alone." It must be conceded that such a practice has been used very little insofar as reported cases are concerned. We think though that such a practice is very beneficial to the administration of justice when applied in a proper case. The trial judge here properly exercised his discretion in asking for such a special verdict in aid of the general verdict when he

told them that if they found for the defendants they were to go further and say on what grounds they found for the defendants by submitting to them either of two questions.

 It is ably argued in behalf of Smith, Kindrick and Parker that they were deprived of their constitutional right of a trial by jury by the failure of the trial judge to submit their cases to the jury along with the case hereinabove discussed and that this right of trial by jury as to them was taken away by asking for these special findings. We, as was the Court of Appeals, are not in agreement with this argument. Of course, under Article I, sec. 6, the right of trial by jury is guaranteed by this article of our Constitution but determinative questions of fact are only entitled to be litigated before a jury once, and when the jury has decided these factual questions then it becomes a question of law for the court to determine as did the court in the present case. The Court of Appeals in the present case very succinctly in a well stated paragraph concludes correctly that the trial judge was right in instructing the jury as to the Smith, Kindrick and Parker cases after the return of this special verdict when it says:

"In the cases under consideration, all material issues of liability between the parties were submitted to and were passed upon by the jury in the Turpin case, thus giving each of the parties his day in court. We think, under the above authorities, that the issues so submitted were conclusively settled by the verdict of the jury, and that the procedure followed by the trial court thereafter met the constitutional requirements for a jury trial, provided there was no error in

the trial of the cause to make the verdict of the jury unsound or invalid.''

The Court of Appeals as authority for this statement cites particularly the recent case of this Court of *Cantrell v. Burnett & Henderson Co.,* 187 Tenn. 552, 216 S.W.2d 307, which was a well reasoned case and is sufficient authority for the settlement of this question.

■ We have carefully considered each assignment of error made by the respective parties and have concluded that there is no error therein. The parties had a fair trial before the jury and trial judge, submitted all the evidence they desired to submit pertinent to the issues, counsel argued the entire matter pro and con to the jury, and, after a correct charge by the trial judge to the jury, a conclusion was reached by that body which under the law precludes any recoveries. We have spent the greater part of a week studying this record, reading the briefs and authorities and making an independent investigation of the matter. After having done so we are fully satisfied that all the parties have had their day in court and consequently the judgment of the Court of Appeals must be reversed and that of the trial court affirmed.

### On Petition to Rehear

Counsel for Alvin J. Smith and H. O. Kindrick have filed herein a very courteous, dignified and forceful petition to rehear on behalf of their clients. After fully considering the matter and the record again, we now have this petition for disposition.

This petition in no wise complains of our action in reversing the decree and judgment of the Court of Appeals in the cause of *Turpin v. Smith and Kindrick.* In

this petition it is stated that they think this Court was correct in its opinion in so doing. The complaint here made is that these parties, Smith and Kindrick, did not have their day in court because the question was not submitted to the jury as to them as to whether or not Smith, who was driving Kendrick's truck, was guilty of remote contributory negligence, and that thus these parties were denied their constitutional right of trial by jury in violation of Article I, sec. 6, of the Tennessee Constitution. This complaint is fully answered in our original opinion to our satisfaction, beginning on page 14 of the opinion, or the third paragraph from the end of the opinion. We do not deem it necessary to amplify what we there said.

The entire argument of this petition to rehear is pitched on the fact that the trial court did not submit a third issue of fact to the jury at the conclusion of the trial in addition to the two issues which were submitted and are copied verbatim in our original opinion to the effect that:

"3. We find for the defendants upon the ground that any negligence of Alvin J. Smith was remote or indirect, which was not a proximate cause or did not proximately contribute to the causation of the accident and the death of Eugene Turpin."

It is argued that since such a request was not submitted to the jury and there is nothing in the general charge of the court in reference to the remote contributory negligence of Smith and Kindrick that thus this issue of fact has not been passed on by the jury and consequently Smith and Kindrick have been denied their day in court.

The trial court in the general charge gave a very correct charge as to what constituted remote contributory negligence generally. He later gave a charge in reference to remote contributory negligence of the driver, Turpin. Thus it was that the jury had before them what constituted remote contributory negligence; the trial judge in the general charge also very clearly and succinctly defined to the jury what constituted direct and concurrent contributory negligence on the part of the two drivers. The jury found that both Eugene Turpin, the driver of one truck, and Alvin J. Smith, the driver of the other truck, were guilty of negligence which directly and proximately caused or contributed to the causation of the accident. This being true there was no necessity for the jury to find whether or not Smith, as the driver of one truck, was remotely guilty of contributory negligence, because the finding of fact that the two drivers were guilty of negligence which directly and proximately caused these accidents negatived the very issue which the petition to rehear now says should have been submitted to the jury. This is very lucidly explained to the jury and to counsel as quoted on page 7 of our original opinion by the trial judge's statement of why he dismissed these other actions. The whole point of our opinion is that if two drivers of automobiles have an accident and a jury finds as a fact that this accident was caused by the concurrent contributory negligence of each which directly and proximately contributed to this accident then there is no lawsuit, and no one has a right to recover as a result of this collision.

We have carefully and thoughtfully considered this petition to rehear and have not brushed it aside as we probably had a right to do because these issues were not

raised in Smith and Kindrick's petition for certiorari. *Berry v. Foster,* 199 Tenn. 352, 287 S.W.2d 16. But we have considered the matter on its merits, and having done so we must deny the petition to rehear.