# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### September 27, 2011 Session

## BENJAMIN INDOCCIO v. M&A BUILDERS, LLC, ET AL.

**Direct Appeal from the Circuit Court for Rutherford County**
**No. 56910     Robert E. Corlew, III, Judge**

---

**No. M2010-02624-COA-R3-CV - Filed November 14, 2011**

---

This appeal arises from injuries Plaintiff sustained after falling down a staircase while working on the construction of a home. Plaintiff filed a negligence action against the general contractor and the subcontractor responsible for the construction of the custom staircase. The matter was tried before a jury, and the jury returned a verdict finding Plaintiff fifty percent at fault, the subcontractor thirty-five percent at fault, and the general contractor fifteen percent at fault. After his motion for new trial was denied, Plaintiff filed this appeal. Plaintiff asserts that the trial court erred by excluding evidence that the subcontractor's employees used marijuana while working on the construction of the staircase, and erred by excluding evidence of misdemeanor convictions and probation violations of one of the subcontractor's employees. Plaintiff also asserts that the trial court erroneously instructed the jury regarding notice, negligence, and foreseeability. After thoroughly reviewing the record, we find that the trial court did not abuse its discretion by excluding the evidence of alleged marijuana use or the evidence of misdemeanor convictions and probation violations. Similarly, we find that the jury instructions on notice, negligence, and foreseeability were proper. Accordingly, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

D. Russell Thomas and Melinda K. Brown, Murfreesboro, Tennessee, for the appellant, Benjamin Indoccio.

James R. Tomkins, Nashville, Tennessee, for the appellee, Estate of David Meeks.

**OPINION**

**I. Background and Procedural History**

Benjamin Indoccio ("Mr. Indoccio"), a subcontractor specializing in tile work, worked for M&A Builders, LLC ("M&A Builders") on the construction of a home in Rutherford County, Tennessee. David Meeks d/b/a D M Trim ("Mr. Meeks"), a subcontractor specializing in trim work, also worked for M&A Builders on the construction of the home. On September 15, 2007, while the staircase of the home was under construction, Mr. Indoccio went upstairs to check on the progress of the tile work in one of the rooms. When Mr. Indoccio descended the staircase to return working downstairs, one of the boards that made up the temporary tread of a stair slipped out from under him causing him to fall and seriously injure his foot. At the time of the fall, Mr. Meeks' employees were in the process of installing custom treads on the staircase.

On April 3, 2008, Mr. Indoccio filed a complaint in Rutherford County Circuit Court alleging negligence on the part of M&A Builders and Mr. Meeks.[1] Mr. Indoccio alleged that he fell and sustained serious physical injuries as a result of the unreasonably dangerous condition of the staircase. Mr. Indoccio further alleged that the condition of the staircase was unreasonably dangerous because the temporary treads used by Mr. Meeks' employees were made of inappropriate material, were not adequately affixed to the staircase, there were no proper warnings of these conditions, and the workplace was dirty and lacked adequate lighting.

Before trial, Mr. Indoccio sought to introduce evidence that Mr. Meeks regularly used marijuana, and that his employees, including his son Timothy Meeks, used marijuana while working on the staircase of the home where Mr. Indoccio fell. Mr. Indoccio also offered evidence of misdemeanor convictions and probation violations of Timothy Meeks, which he alleged were admissible as impeachment evidence. Further, Mr. Indoccio sought to introduce the testimony of a general contractor that marijuana use while working at a construction site increased the risk of workplace injuries. After conducting a hearing, the trial court determined that all evidence regarding the alleged use of marijuana was not relevant, and therefore excluded the evidence. The trial court emphasized that, even if the evidence was probative, it would be substantially outweighed by its unfairly prejudicial effect. Additionally, the trial court excluded all evidence of Timothy Meeks' misdemeanor convictions and probation violations because they were not proper impeachment evidence.

---

[1]Mr. Meeks passed away during the pendency of this action and his estate was substituted as a defendant.

In August 2010, the case was tried before a jury. Before the conclusion of the trial, the trial court discussed and prepared the jury instructions with the parties. The trial court agreed to instruct the jury according to Mr. Meeks' requested instructions regarding notice, negligence, and foreseeability. Mr. Indoccio objected to the trial court's use of the requested instructions.

After receiving the trial court's instructions, the jury returned a verdict finding Mr. Indoccio fifty percent at fault, Mr. Meeks thirty-five percent at fault, and M&A Builders fifteen percent at fault. Accordingly, on August 26, 2010, the trial court entered an order of judgment dismissing all of Mr. Indoccio's claims against Mr. Meeks and M&A Builders. Mr. Indoccio filed a motion for new trial based on, *inter alia*, the trial court's exclusion of evidence regarding marijuana usage, Timothy Meeks' misdemeanor convictions and probation violations, and the trial court's use of Mr. Meeks' requested jury instructions. On November 15, 2010, the trial court denied Mr. Indoccio's motion for new trial. Mr. Indoccio timely filed a notice of appeal.[2]

## II. Issues Presented

Mr. Indoccio raises the following issues, as we perceive them, for our review:

(1)     Whether the trial court erred by excluding all evidence of the alleged marijuana use of Mr. Meeks and his employees,

(2)     Whether the trial court erred by excluding evidence of Timothy Meeks' misdemeanor convictions and probation violations, and

(3)     Whether the trial court erroneously instructed the jury regarding notice, negligence, and foreseeability?

## III. Law and Analysis

### A. Exclusion of Evidence

Mr. Indoccio first argues that the trial court erred by excluding all evidence of the alleged marijuana use of Mr. Meeks and his employees.[3] We review a trial court's decision

---

[2]M&A Builders did not file a brief or participate in oral argument in this appeal.

[3]Mr. Indoccio attached a variety of articles and studies to his motion for new trial that discuss the
(continued...)

to admit or exclude evidence for an abuse of discretion. *Biscan v. Brown*, 160 S.W.3d 462, 468 (Tenn. 2005) (citing *Mercer v. Vanderbilt Univ., Inc.*, 134 S.W.3d 121, 131 (Tenn. 2004)). A trial court abuses its discretion "only when it 'applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining.'" *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (quoting *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999)). This standard does not permit an appellate court to substitute its judgment for that of the trial court. *Id.* (citing *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998)). Rather, the abuse of discretion standard "'reflects an awareness that the decision being reviewed involved a choice among several acceptable alternatives,' and thus 'envisions a less rigorous review of the lower court's decision and a decreased likelihood that the decision will be reversed on appeal.'" *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 335 (Tenn. 2010) (quoting *Lee Medical, Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010)).

The trial court excluded all evidence regarding the alleged use of marijuana because it was not probative of any issue the jury was asked to determine, and therefore was not relevant. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tenn. R. Evid. 401. "In other words, evidence is relevant if it helps the trier of fact resolve an issue of fact." Neil P. Cohen, et al., *Tennessee Law of Evidence* § 4.01[4], at 4–9 (5th ed. 2005). "Evidence which is not relevant is not admissible." Tenn. R. Evid. 402. Relevant evidence, however, "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Tenn. R. Evid. 403.[4]

---

[3](...continued)

effects of marijuana usage. Mr. Indoccio asked the trial court to consider these studies when examining the credibility and memory of Mr. Meeks and Timothy Meeks. On appeal, Mr. Indoccio asks this Court to take judicial notice of this information.

"Simply attaching a document to an appellate filing will not serve to place it in the record on appeal, especially when it was not part of the record of the trial court proceedings." *In re Bernard T.*, 319 S.W.3d 586, 591 n. 3 (Tenn. 2010) (citing *UT Med. Group, Inc. v. Vogt*, 235 S.W.3d 110, 122 (Tenn. 2007); *Vintage Health Res., Inc. v. Guiangan*, 309 S.W.3d 448, 460 n. 13 (Tenn. Ct. App. 2009)). "While [appellate courts] may take judicial notice of evidentiary matters in proper circumstances, we customarily decline to take judicial notice of materials that are not properly included in the record on appeal." *Id.* (citations omitted). The record does not contain a transcript of the proceedings before the trial court on Mr. Indoccio's motion for new trial. Moreover, there is no indication in the record that this information was ever considered by the trial court or included in the record at trial. Consequently, we decline to take judicial notice of this material.

[4]Rule 403 requires trial courts to conduct a two-step balancing test:

(continued...)

-4-

The evidence of alleged marijuana use included the testimony of Timothy Meeks that his father, Mr. Meeks, regularly used marijuana, and the testimony of Mr. Indoccio and his ex-wife that they observed Mr. Meeks' employees using marijuana and under the influence of marijuana while working. Mr. Meeks' employees denied these allegations. Further, Mr. Indoccio sought to offer the testimony of a general contractor that marijuana use while working at a construction site increased the likelihood of injuries. At trial, however, the condition of the staircase was largely undisputed. How or why the staircase was in that condition when Mr. Indoccio fell was not at issue. Therefore, we agree with the trial court's finding that any alleged marijuana use did not make any issue before the jury more or less probable. Even if the evidence offered by Mr. Indoccio was considered probative, we agree with the trial court that any probative value of the evidence would be substantially outweighed by its unfairly prejudicial effect. Evidence of this nature would undoubtedly pose a great risk of allowing the jury to decide the case on purely emotional grounds based on their general contempt of drug use. *See* Neil P. Cohen, et al., *Tennessee Law of Evidence* § 4.03[6], at 4–64 (5th ed. 2005) ("[T]he term 'unfair prejudice . . . means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'") (citations omitted). Accordingly, we find no abuse of discretion in the trial court's decision to exclude all evidence of the alleged marijuana use.

Mr. Indoccio next argues that the trial court erred by excluding evidence of Timothy Meeks' misdemeanor convictions and probation violations. Evidence of a prior conviction may be admissible to impeach a witness's credibility if the crime was a felony or the crime involved dishonesty or false statements. Tenn. R. Evid. 609(a)(2). On the other hand, specific instances of conduct that are not criminal convictions may be inquired into on cross-examination if the conduct is probative of the witness's character for truthfulness or untruthfulness. Tenn. R. Evid. 608(b). Unlike criminal convictions under Rule 609, specific instances of conduct under Rule 608 may not be proved by extrinsic evidence. Although Timothy Meeks admitted in his deposition that he used marijuana in the past while working on construction jobs, he stated that he did not use marijuana while working on the home where Mr. Indoccio fell because he was on probation at that time. In order to impeach Timothy Meeks' testimony, Mr. Indoccio offered evidence that while Timothy Meeks was

---

[4](...continued)
The trial court must first balance the probative value of the evidence sought to be excluded against the countervailing factors. After the court has engaged in the balancing analysis, it may then exercise its discretion to determine whether the evidence should be excluded if the prejudice outweighs the probative value of the evidence.

*White v. Vanderbilt Univ.*, 21 S.W.3d 215, 227 (1999) (citation omitted). "[The] trial court should not exclude evidence under Tenn. R. Evid. 403 when the balance between the probative worth of the evidence and the countervailing factors is fairly debatable." *Id.* (citation omitted).

on probation for misdemeanor convictions, he was charged with violation of his probation twice for failing a drug test. The trial court excluded this evidence on the grounds that misdemeanor convictions are generally not admissible for impeachment purposes, and none of the probation violations involved conduct probative of Timothy Meeks' character for truthfulness.

After reviewing the record, we agree with the trial court's decision to exclude Timothy Meeks' misdemeanor convictions and probation violations. The misdemeanor convictions offered by Mr. Indoccio included drug possession, driving under the influence, and driving on a suspended license. None of Timothy Meeks' misdemeanor convictions involved dishonesty or false statements, and therefore they were inadmissible under Rule 609. Moreover, Timothy Meeks' probation violations for failing a drug test were not probative of his character for truthfulness. *See Hatchett v. State*, 552 S.W.2d 414, 415 (Tenn. Crim. App. 1977) ("The specific act of simple possession or use of drugs is not such that can be lawfully asked a defendant on cross-examination for impeachment purposes. . . . There is no connection between the use or possession of marijuana and the veracity of a witness.") (citations omitted). Hence, Timothy Meeks' probation violations were inadmissible under Rule 608. Therefore, we find no abuse of discretion in the trial court's decision to exclude evidence of Timothy Meeks' misdemeanor convictions and probation violations.

## B. Jury Instructions

Finally, Mr. Indoccio argues that the trial court erroneously instructed the jury regarding notice, negligence, and foreseeability, because the instructions failed to consider the facts of the case, resulted in an incorrect statement of the law, and increased his burden of proof. We review a jury charge in its entirety to determine whether the trial court committed reversible error. *Goff v. Elmo Greer & Sons Const. Co., Inc.*, 297 S.W.3d 175, 196-97 (Tenn. 2009) (citing *Otis v. Cambridge Mut. Fire Ins. Co.*, 850 S.W.2d 439, 446 (Tenn. 1992)). Although jury instructions must be correct and fair as a whole, they do not have to be perfect in every detail. *Goodale v. Langenberg*, 243 S.W.3d 575, 584 (Tenn. Ct. App. 2007) (citing *Wielgus v. Dover Indus.*, 39 S.W.3d 124, 131 (Tenn. Ct. App. 2001)). Furthermore, "[t]he charge will not be invalidated as long as it fairly defines the legal issues involved in the case and does not mislead the jury." *Goff*, 297 S.W.3d at 197 (quoting *Otis*, 850 S.W.2d at 446).

Mr. Indoccio first contends that the trial court's instruction to the jury regarding notice failed to consider the facts of the case and resulted in an incorrect statement of law. The portion of the charge at issue provides:

One who is in control of premises is under a duty to use ordinary care.

Ordinary care is the care that ordinarily careful persons would use to avoid injury to themselves or others under the same or similar circumstances. This does not include the responsibility to remove or warn against conditions from which no unreasonable risk was anticipated, or from those risks which the person injured knew about or should have discovered. There is no duty to guarantee the safety of those entering upon the property. One in control of property is not the insurer of the safety of others on the premises. The person in control of the premises will not be held liable if the dangerous or defective condition is obvious, reasonably apparent, or as well-known to the person injured as to the person in control of the premises. The Plaintiff must exercise reasonable care for his own safety and for dangers that are obvious, reasonably apparent, and as well-known to the Plaintiff as to the person in control of the premises. Further, the Plaintiff must show that the injury was a reasonably foreseeable probability and that some action within the Defendant's power more probably than not would have prevented the injury. You should consider all of the surrounding circumstances in deciding whether the Defendant used the proper care.

Mr. Indoccio argues that the trial court erred by including the following language in the charge: "The person in control of the premises will not be held liable if the dangerous or defective condition is obvious, reasonably apparent, or as well-known to the person injured as to the person in control of the premises." According to Mr. Indoccio, this instruction was an incorrect statement of law and overlooked the facts of the case because Mr. Meeks' employees had superior knowledge of the condition of the staircase since they created the condition.

The language Mr. Indoccio challenges comes from the "open and obvious" doctrine, whereby a premises owner "will not be held liable if the dangerous or defective condition is obvious, reasonably apparent, or as well known to the invitee as to the owner." *McCormick v. Waters*, 594 S.W.2d 385, 387 (Tenn. 1980). However, the "open and obvious" doctrine has been abrogated, and currently Tennessee law provides that "if the foreseeability and gravity of harm posed by the defendant's conduct, even if 'open and obvious,' outweigh the burden upon the defendant to engage in alternative conduct, the defendant has a duty to act with reasonable care and the comparative fault principles apply under *McIntyre v. Balentine*." *Coln v. City of Savannah*, 966 S.W.2d 34, 37 (Tenn. 1998) ("[A]n open and obvious danger does not automatically result in a finding of no duty and therefore no landowner liability."). The trial court's charge is incorrect to the extent that it instructs the jury not to hold Mr. Meeks or M&A Builders liable if the condition of the staircase was "open and obvious."

Although the challenged instruction is technically an incorrect statement of law, after

considering the charge as a whole, we are of the opinion that any error in the trial court's charge was harmless. In a later portion of its charge, the trial court explained comparative fault principles to the jury. After receiving the trial court's charge, the jury returned a verdict finding Mr. Indoccio fifty percent at fault, Mr. Meeks thirty-five percent at fault, and M&A Builders fifteen percent at fault. Before the jury could allocate fault to the defendants, it was necessary to find that both defendants were negligent and a proximate cause of Mr. Indoccio's injuries. "An erroneous instruction will not necessarily be considered reversible error if the trial court later explains or corrects the instruction or if the trial court adequately explains the issues in the case in other portions of its charge." *Ingram v. Earthman*, 993 S.W.2d 611, 636 (Tenn. Ct. App. 1998) (citing *In re Estate of Elam*, 738 S.W.2d 169, 174 (Tenn. 1987); *Smith v. Parker*, 373 S.W.2d 205, 209 (Tenn. 1963); *Ladd v. Honda Motor Co.*, 939 S.W.2d 83, 94 (Tenn. Ct. App. 1996)). The jury's allocation of half of the fault between the two defendants clearly establishes that the incorrect statement of law in the charge did not mislead the jury. Therefore, we find no reversible error in the trial court's instruction regarding notice of the dangerous condition.

Mr. Indoccio next argues that the trial court's instructions to the jury on negligence and foreseeability were cumulative, overemphasized his burden of proof, and implied that his injuries were not foreseeable. Mr. Indoccio takes issue with this portion of the trial court's instructions to the jury:

> Negligence consists of a failure to provide against the ordinary occurrences of life, and the fact that the provision made is insufficient as against an event as may happen once in [a] lifetime, or at least extremely rarely, does not make out a case of negligence upon which an action in damages will lie. Foreseeability as it relates to negligence does not include events which are bizarre or unique, and therefore outside the contemplation of a reasonably prudent person. No one is required to guard against, or take measures to avert, that which under the circumstances is not likely to happen or which is beyond the range of possibility. One is not bound to foresee every possible injury which might occur. Reasonable foresight, rather than prophetic vision, is the law's standard.

Mr. Indoccio argues that this portion of the charge made his burden of proof impossible to meet, and implied that his injuries were "bizarre or unique" and required "prophetic vision" to foresee. We emphasize "that Tennessee law is clear that a jury charge should be reviewed in its entirety and considered as a whole when determining whether the trial court committed prejudicial error." *Goff*, 297 S.W.3d at 196-97 (citing *Otis*, 850 S.W.2d at 446). The entire charge on negligence and foreseeability provides:

> In deciding this case you must determine the fault, if any, of each of the

persons against whom fault is asserted. In this case, the Plaintiff, Benjamin Indoccio asserts that the Defendants M&A Builders and Defendant Estate of David Meeks, are each at fault. Defendant Estate of David Meeks, asserts that the Plaintiff, Benjamin Indoccio, is at fault. If you find only one of these persons to be at fault it is unnecessary to compare the fault of these parties, but if you find that more than one of these parties had some degree of fault, however great or small, you must then compare the fault of each of these parties. Before you can find a party at fault, you must find that the party was negligent and that his negligence was a legal cause of the injury or damage for which a claim is made. Thus, fault has two parts: negligence and legal cause. Negligence is defined as the failure of a party to use reasonable care. It is either doing something that a reasonably careful person would not do, or the failure to do something that a reasonably careful person would do, under circumstances similar to those shown by the evidence. Negligence consists of a failure to provide against the ordinary occurrences of life, and the fact that the provision made is insufficient as against an event as may happen once in [a] lifetime, or at least extremely rarely, does not make out a case of negligence upon which an action in damages will lie. Foreseeability as it relates to negligence does not include events which are bizarre or unique, and therefore outside the contemplation of a reasonably prudent person. No one is required to guard against, or take measures to avert, that which under the circumstances is not likely to happen or which is beyond the range of possibility. One is not bound to foresee every possible injury which might occur. Reasonable foresight, rather than prophetic vision, is the law's standard. A person may assume that every other person will use reasonable care unless the circumstances indicate the contrary to a reasonably careful person. A single injury can be caused by the negligent acts or omissions of one person or more than one person. Negligence will not be inferred from the mere happening of an accident or occurrence of an injury. Negligence must be proven by a preponderance of the evidence. The second part of fault is legal cause. A legal cause of an injury is a cause which, in natural and continuous sequence, produces an injury, and without which the injury would not have occurred. In order to be a legal cause, the negligence must have had some significant relationship to the occurrence of the injuries. It must have been substantial factor in bringing about the injury. Further, the harm must have been reasonably foreseen or anticipated by a person of ordinary intelligence, when the negligent act occurred. For example, it could be said that virtually any injury could have been avoided had the Plaintiff stayed at home in bed on the day in question, but the fact that the Plaintiff got out of bed does not have a significant relationship to the occurrence of the injuries, and of course would

not be a legal cause of the injuries. A single injury can be caused by the negligent acts or omissions of one or more persons.

While the portion of the charge Mr. Indoccio challenges could have been more artfully worded, after considering the trial court's charge in its entirety, we are of the opinion that the instructions given were a fair and accurate explanation of the law. As mentioned above, the jury's verdict clearly indicates that they understood the law of negligence and foreseeability. Before they could allocate fault to either defendant, the jury was first required to find that both defendants were negligent and a proximate cause of Mr. Indoccio's injuries. Accordingly, we find that the trial court's charge on negligence and foreseeability did not mislead the jury, and therefore does not constitute reversible error.

## IV. Conclusion

For the foregoing reasons, we affirm the decision of the trial court. Costs of this appeal are taxed to the appellant, Benjamin Indoccio, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE