John P. Schwartz, administrator of estate of Mary Elizabeth Schwartz, appellant, v. Frank H. Helsell et ux., appellees.

No. 47985.

(Reported in 50 N.W.2d 573)

December 14, 1951.

Joseph P. Hand, of Emmetsburg, and S. R. Eller and O. L. Dykstra, both of Des Moines, for appellant.

Cornwall & Cornwall, of Spencer, and Kelly & Spies, of Emmetsburg, for appellees.

THOMPSON, J.—The plaintiff is the administrator and sole heir of Mary Elizabeth Schwartz, his daughter. For the sake of brevity and clarity the decedent will hereinafter be referred to as the plaintiff.

The tragic accident herein involved occurred about 2:50 p. m. on August 16, 1950, at the intersection of Palmer and Fifteenth Streets, in the city of Emmetsburg. Palmer Street runs north and south, is paved and is twenty feet in width. It flares out at the intersection; that is to say, the intersection is wider than the street. Fifteenth Street runs east and west, is surfaced with gravel, and is fifty-three feet wide. However, the traveled portion is only twenty-two feet in width. This part of the street had been freshly oiled just before the time of the collision. There is a house on the southeast corner of the intersection, the home of one Ernest Weise. This house sits back fifty-four feet from the center of Fifteenth Street and forty feet back from the center of Palmer Street. There are two trees in the yard of this residence, but they do not materially affect the view of either street from the other. A photograph, plaintiff's Exhibit 14, taken on Palmer Street at a point one hundred feet south of the intersection, shows that Fifteenth Street to the east of the intersection is visible for at least an equal distance. The picture does not show the Weise house, so that we cannot say how much farther Fifteenth Street can be seen from this point, nor are we advised by the evidence as to where the house begins to obstruct the view. Of course, as a traveler on Palmer Street

approached nearer to the intersection, his ability to see down Fifteenth Street to the east would be progressively extended.

The accident occurred in broad daylight. The pavement on Palmer Street was dry. There is some contention as to how much the new oiling on Fifteenth Street had affected the surface; but as we view the case this is not important.

The defendants' car, owned by Marijane F. Helsell and driven by her husband, Frank H. Helsell, approached the intersection from the east. Plaintiff was a young woman, unmarried, twenty-one years of age. She came from the south, placing her on the left of the defendants. The collision occurred in the northeast quarter of the intersection. Defendants' car struck the one operated by plaintiff about the right rear fender, causing it to roll over. Plaintiff was thrown from the automobile and crushed under it. She was alone in the car, and there were no passengers other than the two defendants in their vehicle. Other facts will be referred to in the divisions of the opinion which follow.

At the close of all the evidence the trial court directed a verdict for defendants upon the ground that plaintiff had, as a matter of law, failed to establish her freedom from contributory negligence. Plaintiff assigns three errors, which will be discussed in order. In so doing, we keep in mind two rules so well established that it is perhaps a waste of time and space to persist in repeating them in negligence cases. The first is that the evidence must be viewed in the light most favorable to plaintiff; the second, that the burden is upon the plaintiff to establish freedom from negligence contributing in any degree to the injuries and damage complained of. The latter rule has been criticized, but is too firmly established in the law of this state to be disregarded. Rickabaugh v. Wabash R. Co., 242 Iowa 746, 44 N.W.2d 659.

I. The first assignment of error is that the trial court should have given and did not give to plaintiff the benefit of the "no-eyewitness" rule. It is lacking in merit. The issue is settled, adversely to plaintiff, by Rickabaugh v. Wabash R. Co., supra. The question was there thoroughly discussed and analyzed by Justice Smith, and is directly in point here. In fact, the claimed absence of eyewitnesses seems to have been an after-

thought of plaintiff's counsel; for he told the jury, in his opening statement, that a witness had been found who saw the accident. This proved to be the fact. Plaintiff produced one William Wiwi who lived in a house on Palmer Street about a block and one half south of the intersection of Fifteenth Street, and who testified that from his window he watched plaintiff's car as it drove north for the last one-half block just before the collision. He told that he watched the automobile going north on the east one half of the paved street; that it remained on the east side all the time and "went right on in a straight line right up to the actual collision." He said that it went to the point of the accident without turning or swerving, at a speed of about twenty miles per hour, without speeding up or slowing down. He said repeatedly that he was watching it during the entire interval.

This witness did not actually see the movements of the plaintiff except as he judged them by the operation of the car. In this, his testimony is comparable to that of the fireman in the Rickabaugh case. There was, in addition, the evidence given by the two defendants who testified that they saw the plaintiff's car a short distance back of the intersection, and gave testimony as to its speed. Nothing will be gained by a further elaboration of the evidence on this point. The question is thoroughly analyzed also in Mast v. Illinois Central R. Co., 79 F. Supp. 149 (affirmed in 176 F.2d 157), where Judge Henry Graven of the United States District Court for the Northern District of Iowa, in an able and exhaustive opinion, reached the same conclusion that we did in the Rickabaugh case. Supporting authorities are set out in each of the cited cases and it would serve no good purpose to refer to or attempt to analyze them here.

■ II. In the second assignment of error plaintiff contends that, even without the benefit of the no-eyewitness rule, there is a jury question upon the issue of freedom from contributory negligence. This presents a more troublesome situation. The number of Iowa cases involving intersection collisions is legion, and an opinion which attempted to dissect and study all of them would necessarily extend to a length beyond all reason. Nor would it be helpful if we should make the effort. We think that there are apparent certain principles which,

applied to the factual situation before us, require a holding that the trial court properly ruled at this point.

The plaintiff contends, and rightly, that it is not necessary that there be direct evidence of freedom from negligence contributing to the injury. Hittle v. Jones, 217 Iowa 598, 250 N.W. 689; Knowlton v. Des Moines Edison Light Co., 117 Iowa 451, 90 N.W. 818; Beach v. City of Des Moines, 238 Iowa 312,. 322, 26 N.W.2d 81, 87. But in order to establish a proposition by circumstantial evidence the facts relied upon must be such that the claimed conclusion is reasonably probable, not merely possible, and more probable than any other hypothesis based on such evidence. Latham v. Des Moines Elec. L. Co., 229 Iowa 1199, 1207, 296 N.W. 372; Cable v. Fullerton Lbr. Co., 242 Iowa 1076, 1082, 49 N.W.2d 530, 534. Are there facts here which bring the plaintiff's case within the rule?

It is to be noted that defendants were upon the plaintiff's right hand, and so had the advantage of section 321.319, Code of 1950, which we set out herewith:

"Where two vehicles are approaching on any public street or highway so that their paths will intersect and there is danger of collision, the vehicle approaching the other from the right shall have the right of way.

"The foregoing rule is modified at through highways and otherwise as hereinafter stated in this chapter."

Plaintiff cites and relies upon section 321.288, which, so far as material here, is:

"The person operating a motor vehicle * * * shall have the same under control and shall reduce the speed to a reasonable and proper rate:
"* * *

"3. When approaching and traversing a crossing or intersection of public highways * * *."

In addition there is the duty of all parties to keep a proper lookout at all times, and in particular when approaching and crossing an intersection. This duty, as in all cases, is in proportion to the danger reasonably to be anticipated.

■■ We find no circumstantial evidence of due care upon the part of the plaintiff which permits the inference that there is a jury question engendered in her behalf. The plaintiff's witness Dorothy Carpenter testified that the horn on defendants' car was sounded at some distance back of the intersection. The only eyewitness, except for the defendants, was William Wiwi, produced and offered by the plaintiff. We have set out in Division I his statements that she drove at a consistent speed of about twenty miles per hour for something over one half of the block immediately south of the intersection, and into and across to the spot of the collision without accelerating or decreasing her momentum; and that she did not swerve or vary her course at any time. He also said: "Q. Could you see the driver? A. Yes, I saw the driver. Q. Could you tell what she was doing from the place where you were sitting? A. *I couldn't see that she was doing anything but driving straight ahead.*" (Italics supplied.)

The testimony of the driver of defendants' car is that plaintiff, as she approached the intersection and entered it, was driving at about forty miles per hour. There are no circumstances from which it can be said it was reasonably probable plaintiff exercised due care.

Perhaps plaintiff's chief opportunity for a favorable holding as to whether there was sufficient evidence to require a jury submission upon freedom from contributory negligence lies in the question of the speed with which defendants' automobile approached and entered the intersection. A witness for plaintiff, Mrs. Dorothy Carpenter, who lived in the house on the northeast corner of the intersection, testified that as she came out of the door of her house on the south side, facing Fifteenth Street, she saw the defendants approaching from the east, about two hundred feet from the intersection. She had never driven a car, but she estimated the defendants' speed at about fifty miles per hour. She saw the car pass her, about seventy-five feet from the intersection, and did not further observe it until she heard the crash of the collision. She does not say at what speed it passed her, but for the purpose of the following discussion we shall assume that there is evidence that it entered the intersection without slowing down. Plaintiff's counsel think that the

damage to the cars, the distance they were thrown, and other evidence, support the theory of excessive speed on the part of defendants.

We are, of course, not here concerned with the negligence of the defendants, if any, except as it bears upon the question of the contributory negligence of the plaintiff. Plaintiff's case is aided by her right to presume that the driver of defendants' car would obey the law. Assuming that defendants' car approached and entered the intersection at an excessive speed, was the negligence of its driver in this respect sufficient to make a jury issue upon the question of whether plaintiff had proven freedom from contributory negligence? This, we think, is the important problem in the case.

We have held that when the driver on the left enters an intersection at a time when no one is approaching within sight, but a collision occurs with a car coming from the right which, because of the speed at which it traveled was not in view at the time the one on the left came into the crossing, that there is a jury question upon contributory negligence. We have also held that, at least under certain circumstances, the driver on the right who did not look before entering the intersection was not guilty of such negligence. Hutchins v. LaBarre, 242 Iowa 515, 533, 47 N.W.2d 269, 279, 280; Rogers v. Jefferson, 226 Iowa 1047, 285 N.W. 701; Rogers v. Jefferson, 224 Iowa 324, 275 N.W. 874; Roe v. Kurtz, 203 Iowa 906, 210 N.W. 550. This is said to be for the reason that the driver on the right had the directional right of way under the statute, and that even if he had looked he would have had the right to assume that the car on his left would yield it. The rule has been criticized, but has been followed in the cases above set forth. But we are not inclined to extend it so far as to hold that the driver on the left is equally free to enter an intersection without looking. Such driver is under the duty not only of keeping a proper lookout, but of yielding the right of way if the two cars are approaching at such distances and rates of speed that there is danger of a collision if both continue.

In the instant case the plaintiff was under a duty to keep both these rules in mind, and to obey them. Further, if she is not to be charged with contributory negligence, as a matter of law,

it must be shown in some manner that she did so. It is true that the intersection right-of-way statute is to some extent relative, but it has meaning. The question is not as to which car first entered the intersection, nor is it as to which car struck the other, nor at what point in the intersection or upon the car. It is not a race for the intersection; the law is intended to promote safety and to lay down a rule which motorists must follow for that purpose. If at their respective distances and rates of speed the two cars will collide it is the duty of the one on the left to give way.

Here, the record shows that plaintiff, as she approached the intersection, had a view down Fifteenth Street for a considerable distance. At the time she reached the crossing she could have seen down the level street for a block or more. Defendants' car must have been in plain sight, even if we take Mrs. Carpenter's version of its speed. Yet, according to plaintiff's witness Wiwi, she did not change her speed, did not swerve her car; "did nothing but drive straight ahead." If she looked, she must have seen; if she did not look, she should have done so. If she looked and saw, her peril must have been apparent, and we do not think that the speed of defendants' car excuses her. Particularly at intersections, the motorist must make many immediate estimates of speed and of distances available to him.

The Michigan Supreme Court, in Kerr v. Hayes, 250 Mich. 19, 22, 229 N.W. 430, 431, used language applicable here when it said: "He is chargeable with having seen what he should have seen, that defendant's car was about twice the distance from the crossing as his own, approaching at about twice his own speed, without, at any time, giving any indication of according plaintiff the right of way, and that a collision was inevitable unless he took means to avoid it."

In Davis v. Hoskinson, 228 Iowa 193, 202, 203, 204, 290 N.W. 497, 502, we had a similar situation. The plaintiff, on the right, saw the defendant coming at a speed of sixty-five to sixty-eight miles per hour; yet she gambled with her safety by attempting to cross, and was struck. It is true that there the plaintiff herself estimated defendant's speed, but since any driver competent to operate a motor vehicle must necessarily have a

reasonably accurate idea of the time permitted to cross ahead of an oncoming car at an intersection, even though not always able to translate it into definite miles per hour, we think the case last-cited is directly in point. There the court, speaking through Justice Bliss, held that a verdict should have been directed upon the ground of failure to show freedom from contributory negligence. He said: "She took a chance which a reasonably prudent person would not have taken. As this court has said, one cannot 'indulge in nice calculations whether he may barely escape injury, nor may he take reckless chances and be free from contributory negligence.' " The quotation is from Burnett v. Chicago, M. & St. P. Ry. Co., 172 Iowa 704, 712, 154 N.W. 919, 922.

The question of how far the negligence of one party to an accident may be considered in absolving the other from contributory negligence, under the rule that the second party had a right to assume that the other would obey the statutory law and the rules of due care, is a troublesome one. It is obvious that the two have some relation; it is equally obvious that, if carried to its logical conclusion, if the defendant is negligent the plaintiff can rarely be held to be contributorily negligent. It would establish a rule in many cases that, if both parties are negligent, neither is contributorily negligent. We think that the true rule is that laid down by Judge Graven in Mast v. Illinois Central R. Co., supra. There the able and learned Federal judge, after pointing out that the failure of the operators of a train to give a signal of its approach, or the fact that the view of the crossing was obstructed, was each proper to be considered upon the question of contributory negligence of one injured when struck, said: "* * * *they* [the negligences of the railroad company] *do not of themselves constitute affirmative evidence as to what precautions the injured person did or did not take for his own safety.* The failure of a railroad company to give warning of the approach of one of its trains to a crossing does not excuse a person preparing to use the road over the tracks from taking reasonable precautions for his own safety." (Italics supplied.) 79 F. Supp. 149, 174.

In Ballard v. Chicago, R. I. & P. Ry. Co., 193 Iowa 672, 676, 185 N.W. 993, 995, this court said: "No failure on the part of

the railroad company to do its duty, if it so fails, will excuse a person from using his senses of sight and hearing upon approaching a railway crossing, especially so when the due use of either sense would have enabled him to avoid the danger."

. In Arends v. DeBruyn, 217 Iowa 529, 533, 252 N.W. 249, 251, we said: "The recklessness of DeBruyn does not, of course, determine the question of contributory negligence on the part of appellant * * *."

In Carlson v. Meusberger, 200 Iowa 65, 74, 204 N.W. 432, 436, is this language: "The duty to give the right of way was imposed by statute, and was not at all dependent on the other's neglect or failure to exercise due care, or to observe a statute applicable to him. * * * He was under the positive duty to yield the right of way, and of necessity was required to exercise reasonable diligence to ascertain if another, with a right over the crossing superior to his, was approaching."

We have pointed out that there is no affirmative evidence of any exercise of due care by the plaintiff. If there had been such, evidence of excessive speed on the part of defendants might be used to support it. But the showing of plaintiff's own witness is that she did nothing except to drive straight ahead into the intersection without change of speed or direction. Therefore the evidence of defendants' negligence, if there is such, does not aid her. She has failed to carry the burden of establishing freedom from negligence contributing to her injuries and damage.

III. Plaintiff's third specification of error deals with the action of the trial court in striking one of her specifications of negligence of which she alleged defendants were guilty. In view of our holdings in the two preceding divisions this ruling becomes immaterial and need not be discussed.

We find no prejudicial error in the rulings and judgment from which this appeal is taken.

WENNERSTRUM, SMITH and MANTZ, JJ., concur.

OLIVER, C. J., and BLISS, GARFIELD and HAYS, JJ., dissent.

MULRONEY, J., takes no part.

There being an even division of opinion among the members

of the court, as to affirmance or reversal of this case, the judgment of the lower court is affirmed by operation of law.—Affirmed by operation of law.