GLADYS WATKINS, FRANK WATKINS AND BEATRICE MICHIE, PLAINTIFFS-APPELLANTS, v. EDWARD C. MYERS, DEFENDANT-RESPONDENT.

Argued March 9, 1953—Decided March 30, 1953.

*Mr. Harry Chashin* argued the cause for appellants (*Mr. David Schneiderman,* attorney).

*Mr. Charles C. Stalter* argued the cause for respondent.

The opinion of the court was delivered by

WACHENFELD, J. Complaining of the trial court's action in resubmitting their case to the jury and in accepting the subsequent verdicts, which are said to be inconsistent, irreconcilable and, as to the plaintiff Gladys Watkins, inadequate, the plaintiffs bring this appeal, certified here on our own motion.

The suit was for personal injuries allegedly sustained by the plaintiffs Gladys Watkins and Beatrice Michie when they were struck while crossing the street by a vehicle owned and operated by the defendant. Frank Watkins brought an action *per quod*.

At the close of the case, the jury returned with their verdict in the following form:

"The jury finds by unanimous decision that defendant Edward Meyers to be guilty of negligence and makes an award to the plaintiff, Frank Watkins of $100, and no money awards to Gladys Watkins and Beatrice Michie."

Because of the obvious inconsistency with respect to the plaintiffs Watkins, the jury was sent back after instructions for further deliberation. One minute later they returned with this verdict:

"The foreman and the jury find a unanimous decision that the defendant Edward Meyers to be guilty of negligence and awards $100 to the plaintiff Gladys Watkins and no money awards to Beatrice Michie and Frank Watkins.

The Court: No cause of action as to the other two."

The plaintiffs' motion for a new trial was denied and there followed this appeal.

Seeking comfort in *Elvin v. Public Service Coordinated Transport*, 4 *N. J. Super.* 491 (*App. Div.* 1949), the plaintiffs contend the original verdict rendered was "clearly inconsistent," demonstrating the unfitness of the jury to continue to deliberate, but we think the controlling rule is enunciated in *Salvato v. N. J. Asphalt & Paving Co.*, 135 *N. J. L.* 185 (*E. & A.* 1947); *Money v. Etter*, 8 *N. J. Super.* 371 (*Law Div.* 1950).

██ By reason of the plaintiffs' attorney's voluntary absence from the courtroom when the jury returned with the first verdict, no objection was made to the court's supplemental instruction, and consequently there is no ground for appeal on the point of resubmission.

██ There is merit, however, in the plaintiffs' assertion that the second verdict as returned was improper and irreconcilable in that an award to the wife for personal injuries accompanied by evidence tending to show medical expenses requires a verdict for the husband.

The jury specifically determined the defendant was negligent with respect to Gladys Watkins. It also concluded she suffered a compensable injury. In the absence of a verdict for her husband, at least for the amount of medical expense legitimately incurred, the verdict was inconsistent and requires a reversal. *Lanning v. Trenton & Mercer Cty. Traction Corp.*, 3 *N. J. Misc.* 1006 (*Sup. Ct.* 1925); *Swiencicki v. Wieczerzak*, 140 *A.* 248 (*Sup. Ct.* 1928); *Henderson v. Abbotts Alderney Dairies, Inc.*, 7 *N. J. Misc.* 454 (*Sup. Ct.* 1929). *Cf. Ruby v. Quotidian*, 14 *N. J. Misc.* 227 (*Sup. Ct.* 1936).

██ However, we see little substance to the argument that there is a further inconsistency because of the finding as to Beatrice Michie. The jury determined negligence, but this, without more, is not sufficient to entitle plaintiff to recover, for she is required to show a compensable injury.

██ In *Murphy v. Terzako*, 14 *N. J. Super.* 254 (*App. Div.* 1951), the following from *Ochs v. Public Service Ry. Co.*, 81 *N. J. L.* 661 (*E. & A.* 1911), was quoted with approval:

"* * * it is the injury and not alone the negligent act which gives rise to the right of action, for a negligent act is not in itself actionable, and only becomes the basis when it results in injury to another. In order to support an action there must be not only the negligent act, but a consequential injury which is the gravamen of the charge. * * *"

Plaintiff Michie testified the vehicle came into contact with her wrist when she attempted to assist Mrs. Watkins,

behind whom she was walking. "I don't know how close.
* * * I saw her, she was going down. * * * I reached
down to grab her hand. * *· * That is when the bumper
hit my wrist." She said her wrist "just swelled up" and it,
was sore and bothered her. There was no medical treatment
and no loss of wages. As a matter of fact, the record before
us indicates Miss Michie continued the full use of her hands
in her line of work and even assumed some of the burden of
Mrs. Watkins' work.

██ Under the circumstances, the jury was free to find
the plaintiff Michie did not suffer a compensable injury.
Thus we see no reversible error on the part of the trial court
in molding the jury's determination of "no money award"
to Beatrice Michie to "no cause of action." *Cf. Kilgus v.
Wayne Co.,* 85 *N. J. L.* 351 (*E. & A.* 1913).

The judgment as to Frank Watkins and Gladys Watkins
is reversed and a new trial ordered. The judgment against
Beatrice Michie is affirmed.

*For modification*—Justices OLIPHANT, WACHENFELD, BUR-
LING and BRENNAN—4.

*For reversal*—Chief Justice VANDERBILT, and Justices
HEHER and JACOBS—3.