CLAUDE K. CLAYTON, administrator of estate of Lorretta J. Jones, deceased, appellant, v. FLOYD BLAIR, appellee.

No. 51082.

(Reported in 123 N.W.2d 896)

OCTOBER 15, 1963.

Maurice L. Test, Stanford L. Trumbower and McMullin, Test & Baird, all of Des Moines, for appellant.

Roger Witke, Bannister, Carpenter, Ahlers & Cooney, of Des Moines, for appellee.

STUART, J.—Plaintiff, as administrator of the estate of Lorretta J. Jones, brought this action against decedent's landlord to recover damages alleged to have been sustained as a result of her wrongful death and the destruction of her personal property in an apartment house fire. The jury returned a verdict for the defendant on both of the claims. Plaintiff assigns two errors: (1) The failure of the trial court to give a requested instruction on the rescue doctrine and (2) the giving of an instruction on clear avenue of escape.

This is a companion to the case of Clayton v. Blair, 254 Iowa 372, 117 N.W.2d 879, which was decided in November 1962 after the instant case had been tried. That case involved the cause of action of Bonnie Wolf, this decedent's mother with whom she lived. It involved the same fire and the same charges of negligence and the appeal presented the same questions before us on this appeal. It would serve no purpose to repeat facts in this opinion which do not bear directly upon the questions raised. In that opinion we recognized the rescue doctrine and held that it applied to the conduct of Bonnie Wolf, and reversed the case on both grounds.

The defendant contends, however, that the evidence of the activities of Lorretta J. Jones distinguishes this case on the facts and that the plaintiff was not entitled to an instruction on rescue and the instruction on clear avenue of escape was proper. In addition defendant urges that if error were committed in the instructions, it was nonprejudicial.

I. Since we have set forth the Iowa law in the companion case of Clayton v. Blair, 254 Iowa 372, 117 N.W.2d 879, we need not repeat a discussion of the cases herein. Defendant seeks to show a distinction between the conduct of Mrs. Jones and Mrs. Wolf which makes the rescue doctrine inapplicable to these facts and the instruction on clear avenue of escape proper.

Apparently Mrs. Jones and Mrs. Wolf were the first to discover the fire. While Mrs. Wolf went from their apartment on the third floor to warn the people in the apartment below, Mrs. Jones awoke the Zuggs family who also lived on the third floor. She told them there was a fire in apartment 3 (on the second floor). Mrs. Zuggs said to her: " 'You leave the building and

get out, I will call the fire department and be right down.'" At that time Mrs. Jones was within 3 to 5 feet of the central stairway which was unobstructed. She was not seen alive again. In approximately five minutes Mrs. Zuggs and her two boys left the apartment building by the same stairway with safety. After the fire, Mrs. Jones and her mother, Mrs. Wolf, were found dead in an apartment on the third floor from which there was a fire escape. There was no evidence there was anyone else on the third floor to warn although at least one other apartment was occupied by persons who had already left for work. There was no evidence she ever left the third floor. She was not carrying any other articles of personal property at the time of her death.

Appellee claims the case at bar is distinguished from Clayton v. Blair, 254 Iowa 372, 117 N.W.2d 879, in the following particulars: (1) There is no evidence to support the inference Mrs. Jones warned anyone other than the Zuggs family. This is true, but there was no evidence in the other case that Mrs. Wolf warned anyone but the Thurmans, who, like the Zuggs, left the apartment house safely. (2) Mrs. Jones was only 3 to 5 feet from a stairway which led down and out of the building. We do not consider this a distinguishing feature because Mrs. Wolf was already on the floor below and therefore that much closer to safety. (3) There was no evidence she ever left the third floor and there was no evidence there was anyone else on the third floor to warn. There was evidence there were two other apartments on the third floor at least one of which was rented. The fact that the occupants had left the building before the fire does not mean that Mrs. Jones did not go to their apartment to warn them. The fact that Mrs. Wolf came back upstairs and was found on the third floor is a distinction which is not helpful to appellee. (4) Mrs. Jones had nothing with her when she was found while Mrs. Wolf had extra clothing over her arm. We do not consider this a material distinction.

Both parties when last seen were in the act of warning others. The parties warned escaped with their lives. The two ladies were found dead in the same room on the third floor of the apartment house. We are unable to see any distinguishing facts, and the law as set forth in Clayton v. Blair, 254 Iowa 372,

117 N.W.2d 879, is applicable to these facts. The court should have, in a fairly worded instruction, left it for the jury to determine whether Mrs. Jones was engaged warning others at the time of her death. Without the rescue instruction, the clear avenue of escape instruction was not proper. If it had been related to an instruction submitting the rescue doctrine and made applicable to a time after the rescue efforts had been terminated, it would also have been proper.

II. Defendant also claims that any error in failing to instruct on the rescue doctrine or in instructing on clear avenue of escape was not prejudicial. He claims the jury must have found either that defendant was not negligent or that the negligence was not the proximate cause. This position is based on the jury verdict for the defendant on the claim for property damages. The trial court throughout his instructions clearly distinguished the two claims and did not submit the question of contributory negligence to the jury on property damages stating:

"In order for the plaintiff to recover for the loss or damage to the personal property of Lorretta J. Jones he must establish by a preponderance of the evidence that the defendant was guilty of negligence in one or more of the particulars as alleged in plaintiff's petition which was a proximate cause of such loss or damage and the amount of such loss or damage."

The defendant reasons:

"Since there was no issue of contributory negligence as far as the question of recovery for property damage was concerned and since the jury denied recovery for such loss, the jury must have found that defendant was not negligent or that proximate cause was not established. This being so, even if the instructions assigned by plaintiff-appellant as error were erroneous they were not prejudicial since they relate only to the issue of contributory negligence and the jury found the plaintiff had failed to establish another element of his case when it found for the defendant on the question of property damage."

In reaching this conclusion the defendant has overlooked one other reason why the jury might have found in his favor on the property damage claim. As instructed by the trial court, the plaintiff had to prove the defendant's negligence was the proximate cause of the injury and the amount of damages. Under

this record, the jury could have based its finding on plaintiff's failure to prove the amount of damage to the personal property owned by Mrs. Jones. The only evidence as to the amount of personal property owned by her is found in the testimony of the administrator. He named several items of personal property that she had "after the fire" and valued them at $750, at which figure they were listed in the probate inventory. He also testified she had a stock of greeting cards worth $40 when she died. This testimony was for the purpose of showing loss to the estate. There is no evidence that any property belonging to the decedent was destroyed or damaged in the fire, with the exception of the dress she was wearing, which was burned. No value is placed upon this dress.

It is, therefore, just as reasonable to conclude the jury decided plaintiff had not proved damages, as to conclude the jury found either that the defendant was not negligent or that any negligence was not the proximate cause.

Because of the errors pointed out in Division I, the case is reversed and remanded for new trial.—Reversed and remanded.

All JUSTICES concur.