MILDRED GUINN, SHIRLEY GUINN, a minor, by DOUGLAS GUINN individually and as next friend, appellees, v. MILLARD TRUCK LINES, INC., and JACK COLEMAN, appellants.

No. 51645.

(Reported in 134 N.W.2d 549)

April 6, 1965.

Steward, Crouch & Hopkins, of Des Moines, for appellants.

Mitchell & Beving, of Des Moines, for appellees.

LARSON, J.—In an action for damages arising out of an intersection collision between an automobile operated by the plaintiff Mildred Guinn and a truck-tractor operated by the defendant Jack Coleman and owned by Millard Truck Lines, Inc., in separate counts Mildred Guinn and Shirley Guinn, age 11 years, her passenger, each sought compensation for personal injuries, and plaintiff-husband Douglas Guinn sought compen-

sation for property damage, medical and hospital expenses of his wife and daughter, and loss of consortium.

Defendants' motions for directed verdict, duly made, were overruled, and the trial court submitted the issues of defendant's negligence, plaintiff's freedom from contributory negligence, and proximate cause and damages on each count. The jury returned a verdict in favor of Mildred Guinn in the amount of $4000, in favor of Shirley Guinn in the amount of $6000 and in favor of defendants on the $4950 claim of Douglas Guinn.

When the trial court overruled defendants' motion for judgment notwithstanding the verdict in favor of Mildred Guinn and Shirley Guinn, and denied their motion for a new trial as to those causes, defendants appealed. Mr. Guinn does not appeal. We find no error in the court's ruling on defendants' motions.

This accident occurred about 4:30 p.m. September 20, 1962, in the intersection of East Fourteenth Street and Cleveland Avenue in Des Moines, Iowa. East Fourteenth Street is a four-lane thoroughfare with two northbound and two southbound 12-foot lanes of traffic. Cleveland Avenue is an east-west street with one traffic lane in each direction. There are fixed stop signs on Cleveland Avenue and pedestrian lights to control traffic on East Fourteenth Street.

Mrs. Guinn, driving a 1951 Ford automobile, stopped at the sign located on Cleveland Avenue about 18 feet from the east curbline of East Fourteenth Street. She testified that she observed a child press the button controlling the pedestrian light on the west side of East Fourteenth Street and come across the street on the north side, that she looked toward the south where her view was unobstructed for 180 feet and saw no vehicle approaching, that she looked toward the north and then proceeded through the intersection at about 12 miles per hour. As her car reached the center of the intersection it was struck on the left side center by defendants' tractor and was pushed northwesterly some 25 to 30 feet into the west curb of East Fourteenth Street and totally wrecked.

The defendant Jack Coleman was alone in his vehicle. He testified he was driving north on East Fourteenth Street in the east or curb lane as he approached this intersection. He said he

saw the plaintiff's vehicle on his right stop at the stop sign, and estimated he was then about 65 feet from the middle of Cleveland Avenue traveling about 25 miles per hour. He later observed the Guinn auto entering the intersection some 20 or 25 feet away. He said he tried to "hit the brakes" but could not do so until after the impact, but he did jerk the wheel to the left. The impact knocked him from his seat and he could not stop his tractor until it had pushed the Guinn car into the west curb of East Fourteenth Street. He testified he had slowed for the red pedestrian light as he approached this intersection and then increased his speed to about 28 miles per hour when the green light came on. He did not see the Anderson child pass over the street and did not sound his horn.

Benjamin Shaw testified he had stopped two or three car lengths north of this intersection intending to turn left onto Cleveland, and witnessed the collision. He did not see the plaintiff's car before the collision, but did see the defendants' vehicle approaching about a half block away and thought from its manner that it intended to turn left on Cleveland. Later he observed the action of the tractor's brakes and said they were not working properly on one side.

Christine Eloise Anderson, age 11, testified she had pushed the button and passed over East Fourteenth Street just before the accident. She said she was stepping on the east curb as the Guinn car started to cross the intersection, and had gone only four or five steps when the collision occurred.

John Ashley testified he was following defendants' tractor in an automobile at the speed related by Coleman, and said that when the Guinn car entered the intersection Coleman's tractor was only "five or ten feet" from the intersection.

The serious injuries suffered by Mrs. Guinn are not disputed, nor was the reasonableness of the $905.65 medical and hospital expenses incurred by Mr. Guinn for the care and treatment of Mrs. Guinn and his daughter, Shirley. Mrs. Guinn's injuries consisted of a broken pelvis, lacerations, a chest bone displacement, and two cracked ribs. She was confined to the hospital for about three weeks, and her permanent disability was estimated at 20 percent. Shirley received lacerations on the head,

arm and leg, all of which will produce permanent scars. The property damage to the jointly-owned automobile was established at $125.

In each count in the petition plaintiffs alleged defendants were negligent in failing to keep a proper lookout, in failing to have their vehicle under control, and in proceeding at a speed greater than was proper and reasonable under the conditions and circumstances there existing, alleged freedom from contributory negligence, and set out the items of damages claimed.

I. For reasons which will be apparent we shall discuss the assigned errors in a little different order from that argued. In assigned errors 3, 4, 5 and 6 of appellants' Division III they complain of the trial court's instructions and its statement of the issues relating to lookout, control and excessive speed, for the reason that there was insufficient evidence to send these or any specifications of negligence to the jury. We cannot agree.

Under this record there was substantial evidence from which the jury could find the defendant-driver Jack Coleman negligent under the specifications of lookout, speed and control. That issue and the question of whether Mildred Guinn has by substantial evidence shown herself free from contributory negligence are the primary or basic issues involved. Youngs v. Fort, 252 Iowa 939, 944, 109 N.W.2d 230. "We are not concerned here with the burden of proof on either [negligence or freedom from contributory negligence] * * *, but only with the sufficiency of the evidence to raise a jury question upon one or both." Paulsen v. Haker, 250 Iowa 532, 536, 95 N.W.2d 47, 50.

Certain familiar maxims applicable here need no citation of authority. In considering the propriety of the court's ruling upon the motions for directed verdict, the evidence must be viewed in a light most favorable to plaintiff. It is the rule that one traveling on the highway or street has a right to assume that others will proceed with due care and according to law, until, in the exercise of reasonable care, he knows, or should know, otherwise. Ordinarily, disputed questions of fact from which reasonable minds might draw various conclusions are for the determination of the jury. Hackman v. Beckwith, 245 Iowa 791, 795, 64 N.W.2d 275, 278. Most of these rules were discussed

and applied in finding the evidence of defendants' negligence sufficient to raise a jury question in the Paulsen v. Haker and Youngs v. Fort cases, supra, involving intersection accidents. We consider therein the duties of a vehicle operator and the reasonable care required for his own safety and that of others, and need not repeat those discussions here. In connection with the duty to keep a proper lookout, we said that it is an operator's duty to make reasonable observation of all surrounding circumstances, including intersections and other traffic which may be in fair view on intersecting roads, and to use such care as an ordinarily prudent man would do in light of everything disclosed by such observations. Paulsen v. Haker, supra, page 537 of 250 Iowa, page 50 of 95 N.W.2d.

For at least 180 feet there were no obstructions to prevent clear vision of a driver approaching this intersection from the south, so Mr. Coleman should have seen the Guinn car on his right as it proceeded to cross in front of him. Indeed he admitted that he saw the plaintiff's automobile at the stop sign when he was 65 feet from the intersection, but did not observe its movements thereafter until too late to avoid the collision. The fact that he was on a protected street did not absolve him of the duty to be watchful of the movement of others in his vicinity. The right-of-way of a motorist on a street protected by stop signs is a qualified right and not an absolute one. It did not relieve Mr. Coleman from the duty to exercise due care. At least it was a jury question as to whether Coleman, charged with seeing what was in plain sight, as a reasonably prudent man, would expect plaintiff's automobile to remain at the stop sign and not enter the intersection after he first saw it. Under these circumstances the jury could well find, as it apparently did, that Coleman did not keep a proper lookout and was negligent in failing to do so. Paulsen v. Haker, supra; Ehrhardt v. Ruan Transport Corp., 245 Iowa 193, 199, 61 N.W.2d 696, and citations.

II. Plaintiffs' evidence as to excessive speed was largely circumstantial as no one directly testified Coleman was exceeding the posted 30 miles per hour speed limit. However, Mrs. Guinn testified defendants' vehicle was not within 180 feet of the intersection when she started to cross the street at 12 miles per hour.

She had traveled about 45 feet to the center of the street when she was hit. Under this evidence the jury could find Coleman was, in fact, traveling faster than 30 miles per hour prior to the collision, for at that speed he would only cover some 110 feet in the 2.5 seconds it would take plaintiff to reach the point of impact. Under these circumstances it was clearly a jury question as to whether Coleman was driving at an unreasonable speed as he approached the intersection. Section 321.288, Code of Iowa, 1962; Hutchins v. LaBarre, 242 Iowa 515, 47 N.W.2d 269; Long v. Gilchrist, 251 Iowa 1294, 105 N.W.2d 82.

Furthermore, we are committed to the rule that speed may be proven by circumstantial evidence and that such evidence may be sufficient to overcome other direct evidence of speed. Davidson v. Vast, 233 Iowa 534, 540, 10 N.W.2d 12, 16; Soreide v. Vilas & Co., 247 Iowa 1139, 1149, 78 N.W.2d 41.

III. A vehicle is under control within the meaning of the law if the driver has the mechanism and power under such control that at the speed it is traveling it can be brought to a stop with a reasonable degree of celerity, or change the direction of movement and divert or change the course as the circumstances require. Ehrhardt v. Ruan Transport Corp., supra, 245 Iowa 193, 196, 61 N.W.2d 696, and citations.

Coleman's change of direction here toward the left, his speed at the time and place, and his evident failure to apply his brakes before the collision, provide ample evidence from which the jury could find both excessive speed under the circumstances and a lack of control. Coleman's own testimony confirms the directional change and the failure to apply brakes, if not the excessive speed under the circumstances. Certainly the place of impact, the force of the impact, and the damage done to plaintiffs, also tend to corroborate the charge of excessive speed and the lack of adequate control. Richards v. Begenstos, 237 Iowa 398, 21 N.W. 2d 23. Mrs. Guinn testified as to the tractor's sudden appearance on her left and its maneuver, and Mr. Shaw testified he saw defendants' tractor approaching from the south and "turn off to the left." He said: "I thought to myself he was going too fast to make a turn from that point because he was too far out",

and the skid marks indicate a quick turn left. He also testified that before the tractor turned left it did not slow down at all.

It also appears that had Coleman stayed in the lane next to the curb, where he had been driving, instead of swerving to the inside lane just before the collision, these vehicles might not have collided.

We must conclude from this evidence that the court properly submitted and instructed upon the issues of control and speed, and that the evidence was more than ample to support a verdict and judgment in favor of the plaintiffs Mildred and Shirley Guinn.

IV. In Division II of their brief appellants contend the plaintiff Mildred Guinn failed to prove her freedom from contributory negligence. No such issue is raised in that regard as to Shirley and Douglas Guinn.

The question of contributory negligence is ordinarily one for the jury and it is only in the exceptional case where one's negligence has been so manifest and flagrant, and where the facts are so clear that every reasonable and candid mind must reach the conclusion that he was contributorially negligent, that its determination is one of law for the court. Hutchins v. LaBarre, supra, 242 Iowa 515, 528, 47 N.W.2d 269, and citations; Kuehn v. Jenkins, 251 Iowa 557, 100 N.W.2d 604. The facts here are strikingly similar to those in the Hutchins case where plaintiff failed to see the vehicle approaching from his left and the court found him negligent as a matter of law. There we reversed the trial court and held under the circumstances a jury could fairly find the plaintiff was not negligent in believing he could safely proceed across the intersection.

Here the jury could find that Mrs. Guinn stopped at the stop sign, looked to her left and to her right, saw no vehicles approaching within 180 feet, and was justified in assuming she could safely proceed. The contention that the law required her to look farther south as she entered the intersection and was negligent in not doing so, was answered in Tobin v. Van Orsdol, 241 Iowa 1331, 45 N.W.2d 239, where we said that question was clearly one for the jury. We are satisfied Mrs. Guinn was not negligent as a matter of law in failing to discover the approach-

ing tractor beyond her clear vision or in failing to observe its speed at a later time. While it is true one attempting to cross such a highway must not take a chance (Kuehn v. Jenkins, supra; Schwartz v. Helsell, 243 Iowa 95, 50 N.W.2d 573; Beezley v. Kleinholtz, 251 Iowa 133, 100 N.W.2d 105), it does not appear Mrs. Guinn did so here. If defendants' vehicle had been beyond the tree in the parking south of the intersection (180 feet) when she started across, and she had not seen it, she might rightfully assume she could cross without being struck by defendants' vehicle. There was no error in submitting the issue of contributory negligence to the jury.

V. The question of proximate cause ordinarily is also one of fact for the jury. Youngs v. Fort, supra, 252 Iowa 939, 946, 109 N.W.2d 230. Of course, a finding of proximate cause does not necessarily follow a finding of negligence, but under the facts and circumstances heretofore related the jury could find defendants' negligence was the proximate cause of plaintiffs' injury and damage. Appellants do not argue this proposition and seem to concede that if the jury submission of the issues of negligence and contributory negligence was proper, so was the issue of proximate cause.

VI. The real nub of this controversy is not the sufficiency of the evidence to sustain the verdicts for plaintiffs, but whether, in view of the verdict against the claim of plaintiff-husband of Mildred, the trial court erred in not granting a new trial to defendants, as set forth in Division I of their brief. Of course the evidence as to defendants' liability as to each plaintiff was the same, but the items of damage each asked were different. Mr. Guinn's claim was liquidated and admitted in regard to medical expense and personal property damage. Thus, if it can be fairly said that the jury's sole error was in failing to award him damages, these verdicts would not be irreconcilable.

The problem is new in this jurisdiction, and the decisions in jurisdictions which have considered the matter are not in accord either as to results or reasoning. See annotation, 36 A. L. R.2d 1333.

Perhaps we should first determine whether this court should attempt to analyze and interpret verdicts of this nature which

appear to conflict, or whether we should simply classify them as inconsistent and summarily order a new trial of all the issues involved if there is an appeal by either party. The original decisions appear to adopt the old common-law rule of refusing to grant partial retrials and summarily grant a new trial to all. Other recent well-reasoned decisions seem to favor the practice of analyzing and interpreting different jury verdicts where several claims of recovery are made in one action, and upon both reason and logic we prefer this procedure.

Appellants cite a number of cases from New Jersey, New York, Tennessee and Pennsylvania, which seem to hold that where a verdict is rendered in favor of the plaintiff-wife for injuries, and denies recovery to a husband in the same action for his medical and hospital expenses, the verdicts are absolutely irreconcilable and require a new trial on both claims, especially where the husband and the defendants appeal. The reasoning underlying these decisions is that the inconsistent verdicts "demonstrate the unfitness of the jury to determine the respective rights and obligations of the parties." Lanning v. Trenton & Mercer County Traction Corp., 3 N. J. Misc. 1006, 130 A. 444; Swiencicki v. Wieczerzak, 6 N. J. Misc. 145, 140 A. 248; Watkins v. Myers, 12 N. J. 71, 95 A.2d 705, 36 A. L. R.2d 1330; Coleman v. New York City Transit Authority, 28 Misc.2d 694, 208 N. Y. S.2d 186; Berry v. Foster, 199 Tenn. 352, 287 S.W.2d 16; and Elser v. Union Paving Co., 167 Pa. Super. 62, 74 A.2d 529. In Berry v. Foster, supra, the court's statement in Gray.v. Brooklyn Heights R. Co., 175 N. Y. 448, 450, 67 N.E. 899, 900, was approved as follows: " 'When, however, the two actions are thus tried together and inconsistent verdicts are rendered, we incline to the view that sound practice requires both verdicts be set aside at once, without attempting, by analysis of the evidence or otherwise, to discover whether either should be allowed to stand. No other course is safe, for it cannot be told with reasonable certainty what facts the jury found'."

On the other hand, appellees point to a line of cases from California and Florida which do attempt to analyze the verdicts, and therefore often reach different results. In the leading case of Chance v. Lawry's, Inc., 58 Cal.2d 368, 383, 24 Cal. Rptr. 209,

217, 374 P.2d 185, 193 the plaintiff-wife was awarded $15,000 damages against the defendant. On her husband's claim of damage for loss of consortium, services and medical expense, the jury returned a verdict against him. There too the husband was not present when his wife was injured and he did not appeal. As to the defendants' contention that the verdicts were inconsistent and the verdict in favor of plaintiff-wife should be set aside, the court said: "Negligence of the defendants and plaintiff-wife's freedom from negligence were the primary issues to be determined by the jury. The verdict for the plaintiff-wife indicates the jury's determination as to these issues. Of course, had the jury returned a verdict in favor of the husband for medical expenses incurred and *against* the plaintiff-wife, then a reversal would be proper since the husband's cause of action is derivative (Elser v. Union Paving Co., 167 Pa. Super. 62, 74 A.2d 529, 530; Meyer v. Austin, 45 Pa. D. & C. 44). But here the jury's verdict clearly implies that they found the defendants were negligent and that Mrs. Chance was free from contributory negligence. That being so it would be contrary to common sense and the efficient administration of justice to require a new trial on the issue of liability toward Mrs. Chance. * * * But while Mr. Chance, who has not appealed, may have 'grounds for complaint because of the findings upon . . . [his] cause of action' defendants assuredly have none." McNett v. Volfi, 205 Cal. 89, 93, 269 P. 932, 933; Helsel v. Consolidated Traction Co., 14 Pa. Super. 420, 423. See also annotation, 36 A. L. R.2d 1333.

In the California cases it is held significant that plaintiff-wife's right to recovery was not dependent on recovery by her husband, and here it is not disputed that the right of action of Mrs. Guinn and of Shirley Guinn are each independent of Mr. Guinn's right. Of course, his right of action for Mrs. Guinn's hospital and medical expenses was derivative, and had the jury found Mrs. Guinn contributorially negligent for that claim he could not recover. Restatement of Torts, section 494.

We are inclined to accept the California view as the procedure most likely to secure justice and avoid needless repetitions and expensive litigation.

VII. The verdicts appealed from in favor of Mildred and

Shirley Guinn were not contrary to the evidence and the court's instructions and were not necessarily inconsistent with the verdict rendered in favor of the defendants on Mr. Guinn's cause of action. The record does not sustain the appellants' claim that the jury did not know what it was doing, but rather discloses it did, and in so doing simply committed an error in failing to make some award to Mr. Guinn.

The jury first made an award on both forms of verdict submitted by the court, meaning only a misunderstanding of the ministerial function given them. It clearly appears from these completed forms and the record that it intended to give Mr. Guinn no damages, nothing more. On Form No. 5 the jury indicated no amount as the verdict for plaintiff Douglas Guinn. On Form No. 6 it found for the defendants on Mr. Guinn's claim. The court, in an attempt to clear up this matter, polled the jury, and all members agreed it was their intention to return a verdict for defendants on the husband's claim. While this final declaration does not help too much, we think these proceedings show quite clearly the denial of recovery was based on the damage claim, not on the liability issue.

Under these circumstances, had Mr. Guinn appealed, the Florida and perhaps the California court would order a new trial on the issue of the husband's damage, and in one court the suggestion was made that the apparent error could be corrected by a court-rendered judgment for the damages suffered if liquidated and admitted.

Appellees suggest and so far as applicable here we adopt the reasoning of the court in Robinson v. Payne, 99 N. J. Law 135, 142, 122 A. 882, 885, and see annotation in 85 A. L. R.2d, section 5, page 22, where it said: "If, upon a review of the whole case, it appears that the jury has settled the question of liability fairly and upon sufficient evidence, so that, disassociated from other questions, it ought to stand; but that there has been such error in the determination of damages as requires a new trial upon that question, the court has the power to confine the new trial to the question of damages, and in the interest of justice it should exercise the power. So to do saves the parties and the public the expense and burden of a retrial of issues once properly settled."

Also see Loftin v. Anderson (Fla.), 66 So.2d 470; Thieneman
v. Cameron (Fla. App.), 126 So.2d 170; and Chance v. Lawry's,
Inc., supra, 58 Cal.2d 368, 374 P.2d 185, 193, 194. Although we
are not faced with such a partial retrial problem here, we con-
clude, upon a review of the whole case, it appears that the jury
has settled the question of liability fairly and upon sufficient
evidence, and that the issue of Mr. Guinn's damages was so dis-
associated from other questions that in the interest of justice its
determination of Mildred's and Shirley's causes should stand.
Since the husband did not complain of the obvious error as to
him, the other parties and the public should not under these cir-
cumstances be burdened with a retrial of all issues anew. We
cannot correct that jury error here by setting aside verdicts for
Mr. Guinn's wife and daughter, and to decide the jury was not
aware of the issues because it refused to grant him damages
seems unjust and needless and penalizes the truly innocent par-
ties.

VIII. It is the correction of error and not a new
trial to which the aggrieved party is primarily entitled. Of
course a partial new trial may be granted as a means by which
that end may be accomplished. Robinson v. Payne, supra. In
Feldhahn v. Van DeVenter, 253 Iowa 1194, 115 N.W.2d 862, this
court recently ordered a new trial as to damages only. While we
have recognized the modern device of granting partial retrials,
we have also said this device must be exercised "with caution."
Larimer v. Platte, 243 Iowa 1167, 1176, 53 N.W.2d 262. Never-
theless, it appears when there are separate verdicts or judg-
ments, and there is no danger of complications, this procedure is
becoming widely sanctioned by statute, court rule and decision.
See 66 C. J. S., New Trial, section 11a, page 89; 39 Am. Jur.,
New Trial, section 22. It is especially adaptable where liability
of defendant is definitely established. It is not applicable here
because Mr. Guinn did not appeal, and of course it would not be
applicable in states where a jury may mitigate the damage under
the comparative negligence doctrine.

IX. There is no merit in defendants' contention that
the verdicts were rendered as a result of compromise. True, if
established, a compromise would taint the verdicts, but mere

speculation will not sustain such a charge. The fact that the jury deliberated 24 hours, failed to give Mrs. Guinn more than a small part of her claim, and gave Mr. Guinn nothing, does not constitute a showing sufficient to raise an inference of compromise. As bearing on the showing required to sustain a claim of compromise, see Allbee v. Berry, 254 Iowa 712, 718, 119 N.W.2d 230; Annotations, 98 A. L. R. 941, 944, 85 A. L. R.2d 9, 27, 32; 53 Am. Jur., Trial, section 1033, page 714.

X. Appellants' final complaint is that the jury verdict in favor of Shirley Guinn is excessive, that it was reached by passion and prejudice and should be at least reduced. We cannot agree.

The amount of damages to be allowed in such cases is primarily for the jury. Passion and prejudice arise only when the award is not sustained by the evidence. Jettre v. Healy, 245 Iowa 294, 302, 60 N.W.2d 541, 546; DeToskey v. Ruan Transport Corp., 241 Iowa 45, 49, 40 N.W.2d 4, 6, 17 A. L. R.2d 826.

At the time of her injury Shirley was eleven years old. Dr. Joseph A. Herman testified that she suffered severe lacerations on the head, upper arm and left thigh, that surgery was performed on the arm and thigh at the hospital, and the thigh wound developed infection when sutures broke loose. As a result ugly scars were caused, which will be permanent unless relieved by plastic surgery, and even that will not relieve the abnormal feelings in these areas caused by nerve severances. She missed three weeks of school. Shirley testified as to the pain and suffering from these wounds and stated they still bothered her two years after the accident. Considering her age, the disfigurement and the pain, both physical and mental, such wounds can produce, we cannot agree that this award was excessive or was so great as to shock the conscience, and conclude the trial court's refusal to set aside or reduce the award must be sustained.

Finding no reversible error, the judgments must be affirmed. —Affirmed.

GARFIELD, C. J., and HAYS, PETERSON, THORNTON, SNELL and MOORE, JJ., concur.

STUART and THOMPSON, JJ., dissent.

STUART, J.—I respectfully dissent from Divisions VI and VII of the majority opinion. As therein stated, two lines of authorities directly in point reach opposite results. The majority prefer to follow the decisions in Florida and California explained in their opinion. I believe the reasoning expressed by the courts of Tennessee and several eastern states to be more sound.

The three separate cases consolidated for trial below grew out of the same automobile accident. The driver and passenger brought actions for personal injuries. The husband of the driver (father of the passenger) sued for property damage and medical expenses. The jury returned verdicts for the driver and passenger and against the husband. Under this record these verdicts are totally inconsistent and wholly irreconcilable.

If the jury properly found for plaintiffs in the first two cases, they must have found defendant negligent. Because of the derivative nature of the husband's action, this finding must necessarily carry over to his case. The husband was not in the car at the time of the accident and there is no claim of contributory negligence on his part. Therefore, these verdicts can be reconciled only if the record is such that the jury could properly find the husband had failed to prove damages. Clayton v. Blair, 255 Iowa 700, 123 N.W.2d 896.

The majority do not turn the case upon this point and in fact state: "Mr. Guinn's claim was liquidated and admitted in regard to medical expense and personal property damage."

The jury could not properly have found the husband had not been damaged. Therefore they could not, under the law, do what they did do in this case. If the driver and passenger were entitled to recover, so was the husband. If the husband was not entitled to recover neither was the driver nor passenger. The majority opinion does not recognize the second possibility.

The majority say the verdicts are not irreconcilable "if it can be fairly said that the jury's sole error was in failing to award him damages." They seem to have satisfied themselves that this was the sole error. To reach this conclusion they must take the position that the jury found negligence (which was seriously disputed) in all three cases, and refused to award damages that were liquidated and admitted.

In view of the serious question on negligence and the liqui- dated and admitted damages, I do not believe it can fairly be said the failure to award damages was the jury's sole error. It is just as logical to conclude they erred in awarding damages to the driver and passenger when they failed to find defendants negligent. The jury's obvious confusion is illustrated by the fact that they signed five of the six forms of verdict submitted to them. They also awarded the driver substantially less money than was awarded the passenger, although her injuries were far more serious.

I do not believe it is the prerogative of this court to deter- mine, at least on such an inconclusive record, into which error the jury fell in reaching inconsistent and irreconcilable verdicts. It is not for us to decide what the jury intended. I would reverse and remand for new trial to allow another finder of fact to resolve these inconsistencies.

THOMPSON, J., joins in this dissent.